## Harlan *et al.* versus Langham and Wife.

1. Under partition in the Orphans' Court in 1837, the land was adjudged to Langham, the husband of one of the heirs, in right of his wife. His interest was afterwards sold by the sheriff; the vendee of the sheriff and his successors in title afterwards conveyed the land in distinct lots to a number of other persons. In 1862 Langham and wife recovered her undivided interest in ejectment, and they were put into possession under a hab. fac. *Held,* that they could maintain partition against all claiming under the sheriff's vendee as joint defendants.

2. In order to maintain the joint action it was not necessary that the successors of the sheriff's vendee should be tenants in common between themselves.

3. The proceedings in the Orphans' Court did not divest the title of Langham's wife.

4. Partition leaves the title as it finds it:—it dissolves the tenancy in common, but does not divest the title until payment of the shares of the other owners.

5. Snyder's Appeal, 12 Casey 166, distinguished.

May —— 1871. Before READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

[Harlan *v.* Langham.]

Error to the Court of Common Pleas of *Blair county :* No. 23, to May Term 1871.

This was an action of partition to April Term 1868, brought by Solomon Langham and Catharine his wife against Otho Harlan and a number of the other defendants.

A case stated, which exhibited the following facts, was agreed upon and filed in the action :—

William Dickey being seised in fee of a tract of 208 acres of land, now in Blair county, died intestate prior to 1837, leaving seven children his heirs at law, of whom Catharine, the wife of Solomon Langham, the plaintiff in this suit, was one. One of the children having been advanced his full share of the estate, the interest of each of the others was one-sixth. Under proceedings in partition in the Orphans' Court, the above tract of land was on the 30th of August 1837 adjudged to Solomon Langham in right of his wife Catharine. On the 21st of April 1843, the interest of Solomon Langham was sold by the sheriff to Jacob Beard, who afterwards was put into possession of the premises. Subsequently, by sundry conveyances from Beard and those claiming under him, from April 12th 1844 until June 2d 1861, the title of Beard became vested in the defendants, in different parcels, most of them small lots of a few acres each, some of them being lots in a town called " Marion," laid out by George Hite, who had been one of the owners of Beard's title in part of the land.

To March Term 1853, Solomon Langham and wife brought an ejectment against Otho Harlan and others, then in possession, for an undivided sixth part of the 208 acres, of which Dickey had died seised, and recovered a verdict, upon which judgment was entered. An habere facias was issued, under which the sheriff on the 6th of July 1865, put the plaintiffs, Langham and wife, into possession of the one undivided sixth part of the premises.

The question submitted to the court was : " Are the plaintiffs entitled to,have another partition of said premises in the present suit ? If they are, then judgment for the plaintiffs. If not, then judgment for the defendants."

On the 23d of September 1870, the court entered judgment for the plaintiffs on the case stated.

The defendants sued out a writ of error, and assigned for error the entering of judgment for the plaintiffs.

*T. Banks,* for plaintiffs in error.—The decree in partition being for the same land and between the predecessors in title of the same parties, is a bar to this action: Coleman *v.* Coleman, 7 Harris 100 ; Herr *v.* Herr, 5 Barr 428 ; Colton *v.* Smith, 11 Pick. 311. The defendants hold several interests by different conveyances, and the action cannot be sustained against them

[Harlan v. Langham.]

jointly: Jackson v. Myers, 14 Johns. R. 354; Snyder's Appeal, 12 Casey 166. The Married Woman's Act of 1848 does not apply; the husband does not claim under his marital right, but by virtue of the decree of the Orphans' Court, under which he took a life estate in one-sixth and a fee in the remainder: Stoolfoos v. Jenkins, 8 S. & R. 167; Otto's Estate, 2 P. F. Smith 434; Stehman v. Huber, 9 Harris 260; Burson's Appeal, 10 Id. 164.

S. M. Woodcock, for defendants in error, cited Coleman v. Coleman, supra; Kennedy v. Kennedy, 7 Wright 413; 2 Tr. & Haly 276; McMahan v. McMahan, 1 Harris 379; Hawk v. Jones, 12 Id. 127; Longwell v. Bentley, 11 Id. 103.

The opinion of the court was delivered, July 3d 1872, by
SHARSWOOD, J.—No question as to the title of the plaintiffs below to an undivided sixth part of the premises is presented upon this case stated. By the recovery in ejectment and the writ of habere facias thereon, they were put into possession in common with the defendants. The effect of the former proceedings in the Orphans' Court did not divest the title of the married woman when her husband took the land at the appraisement, and gave his recognisance to the other heirs: Kean v. Ridgway, 16 S. & R. 60. A partition, whether by action or proceeding in the Orphans' Court, leaves the title as it found it. It dissolves tenancy in common, but it does not divest title in common until payment of the shares of the other owners: McClure v. McClure, 2 Harris 134.

The only question then is, whether the defendants can be joined in the same action of partition, or each must be proceeded against severally for the tract or parcel of which he is the tenant. It is the case of an original tract held in common, but which one of the tenants in common has carved out into parcels, and conveyed them in severalty. It would be very unfortunate—would work great practical injustice—if the law was as maintained by the plaintiffs in error. To put a case which will illustrate the practical working of the doctrine. A. and B. are tenants in common of a city square—each being entitled to an undivided moiety. B. divides the square into a hundred lots, which he sells out to as many different purchasers—A. brings his ejectment against these purchasers, recovers his moiety, and is put into possession by the sheriff. Whereas before the conveyances made by B., A. had a right to have the lot divided into two equal parts, if it could be without spoiling the whole, he must now, it is said, put up with half of each lot, and be at the cost of one hundred actions of partition in order to secure that: Act of April 11th 1835, § 3, Pamph. L. 200. Provided, however, the defendants are tenants of the same original tract with the plaintiffs, there is no rule or

[Harlan *v.* Langham.]

principle which requires that they should be tenants in common among themselves. It is enough, according to the writ, that "the plaintiffs and the defendants together and undivided do hold." The writ as between tenants in common depends wholly upon statute. It lay not at common law. There is nothing either in the stat. 31 Henry VIII. c. 1, or the various Acts of Assembly, which has any bearing upon the point. We are not, however, without decisions upon the subject in our sister states. One tenant in common cannot convey any specific part of the land held in common so as to prejudice his co-tenant : Porter *v.* Hill, 9 Mass. 34; Bartlet *v.* Harlow, 12 Id. 348; Baldwin *v.* Whiting, 13 Id. 57; Rising *v.* Stannard, 17 Id. 282; Varnum *v.* Abbott, 12 Id. 474; Nichols *v.* Smith, 22 Pick. 316; Peabody *v.* Minot, 24 Id. 329; Blossom *v.* Brightman, 21 Id. 284; Griswold *v.* Johnson, 5 Conn. 363; Duncan *v.* Sylvester, 24 Maine 482; Robinett *v.* Preston, 2 Robinson (Va.) 275; Jeffers *v.* Radcliff, 10 N. Hamp. 246; Great Falls Co. *v.* Worcester, 15 Id. 449. It was accordingly held, in Stark *v.* Barrett, 15 Cal. 368, that partition could be maintained against the alienees in severalty of one of the tenants in common. "Neither a joint tenant," say the court, "nor a tenant in common, can do any act to the prejudice of his co-tenants in their estates. This is the settled law, and hence a conveyance by one tenant of a parcel of a general tract owned by several is inoperative to impair any of the rights of his co-tenants. The conveyance must be subject to the ultimate determination of their rights, and upon obvious grounds. One tenant cannot appropriate to himself any particular portion of the general tract, as, upon a partition, which may be claimed by the co-tenants at any time, the parcel may be entirely set apart in severalty to a co-tenant. He cannot defeat this possible result, whilst retaining his interest, nor can he defeat it by the transfer of his interest. He cannot, of course, invest his grantee with rights greater than he possesses. The grantee must take, therefore, subject to the contingency of the loss of the premises, if, on the partition of the general tract, they should not be allotted to the grantor." So in Gates *v.* Salmon, 35 Cal. 576, it was held in such case that the whole tract is subject to partition so far as the co-tenants of the grantor are concerned, as it would be had the conveyance of the special tract not been made. To the same effect is Sutter *v.* San Francisco, 36 Cal. 112. In Whitton *v.* Whitton, 38 N. Hamp. 127, it was decided that if the owner of an undivided interest in real estate devise his interest in part of the land to one, and in another part to another, both devisees are properly parties to a bill for partition.

Of course this principle must be held applicable only where there has been an original tract held in common, and not to the case of several tracts so held, under different grants. So far as

[Harlan *v.* Langham.]

the decision in this case is concerned, it is confined to the facts of it—when one tenant in common of an original tract has undertaken without right to make conveyances in severalty of different parts. Snyder's Appeal, 12 Casey 166, where the attempt was made unsuccessfully to obtain in the Orphans' Court partition of two estates, held in common by the same parties as the heirs of two different persons, has no application.

Judgment affirmed.