## Swan's Estate.

*Wills—Construction—Real estate—Gift of residue of personalty—Power of sale—Intestacy.*

1. Where testator by will makes certain legacies and devises and gives his residuary personal estate "consisting of stocks, bonds, rents, uncollected balances on sales of real estate" to his five children, there is no residuary gift of real estate, notwithstanding various provisions in the will for selling certain portions of real estate and dividing the proceeds among the five living children. In such case the testator dies intestate as to that portion of his realty which had not been devised in other portions of his will.

*Real property—Partition—Nonjoinder of necessary parties—Petition to intervene—Vacation of decree.*

2. Where testator died intestate as to a portion of his realty, but partition proceedings were instituted for the division of it on the mistaken assumption that it belonged to his five children, as residuary devisees, and a decree was entered without making parties to the proceedings living grandchildren of the decedent, who as heirs were interested in the property, the court may vacate and set aside the decree notwithstanding the lapse of seventeen

years. In such case the next of kin will be given leave to institute new proceedings for partition and the original parties to the partition proceedings will be given leave to make application to the court for a readjustment of their purparts.

*Real property—Partition—Determination of title—Action at law—Jurisdiction—Jurisdictional averments—Waiver.*

3. One who seeks to oust the jurisdiction of the court in a proceeding in partition on the ground of want of title or an adverse holding of the premises must distinctly plead it, otherwise he will be regarded as having waived his right to assert such a defense.

4. Where an application is made for partition of real property, and the party in possession files an answer setting up that he holds the title adversely to the petitioner, the latter is put to his action at law and the partition proceedings should be suspended until the title has been determined. Where, however, the parties go to trial without raising the question of jurisdiction, the court will assume that it has been waived and will proceed to determine the case on its merits.

Argued October 24, 1912. Appeal, No. 50, Oct. T., 1912, by Jean G. Crider, et al., from the decree of O. C. Allegheny Co., Feb. T., 1893, No. 1, in partition, opening proceedings in partition and setting aside former decree in estate of Robert Swan, deceased. Before FELL, C. J., BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Proceedings in partition. Before HAWKINS, J.

From the record it appeared that testator died in 1878, leaving to survive him five living children and three grandchildren, the issue of deceased children. By his will he provided inter alia as follows:

First. I will bequeath and devise to my wife Grizella Swan for and during her natural life the farm or homestead and land appurtenant together with all the buildings erected thereon, on which I now reside, together with all the grain, stock, farming utensils, household furniture, kitchen utensils, etc.

Also the sum of one thousand dollars for and each

year of her natural life and to be paid to her semi-annually.

8. It is my will and I hereby direct that all my land situate in Ross Township shall as soon after the decease of my wife as it can be done, divide the same equally between my said five children share and share alike; and if any of my five children should die before the death of my wife leaving no issue then their share to be equally divided between my remaining children.

9. After my debts, funeral expenses, etc., are all fully paid, then I will and bequeath all my personal property not already disposed of in this my will, consisting of stocks, bonds, rents, uncollected balances on sales of real estate to my five children share and share alike—and if any of my said children shall die before this distribution is made leaving no issue then such share shall be divided between my children surviving.

10. If any interest that I may have in the Green Tree farm remains unsold at my death I hereby authorize and empower my executor to join in the sale of any such land unsold, giving my said executor full power and authority to join in making deed or deeds for the same.

And lastly I hereby nominate, constitute and appoint my son, John Swan, and William Lyons, both of Allegheny, my true and lawful executors to carry out this my last will and testament revoking any former will by me made. And I also constitute and appoint my son, John, trustee of all the estate willed to my son James, he to have control over the same, to disburse it as the said James shall need or require it.

And by his codicil as follows:

I revoke and annul the devise and bequest made in my said will to my son John, and instead and in lieu thereof I do give, devise and bequeath all and whatever property is in said will devised to or for my son John, to Campbell B. Herron, his heirs and assigns in trust to hold the same for my son John Swan for and during the term of his natural life. The said Campbell B.

Herron, his heirs and assigns to receive and collect the rents, issue and profits thereof and pay the same over from time to time to my said son John or to allow my said son to himself collect the same, and at the discretion of said trustee to pay or hand over to my said son John all or any part of any personal property taken by said trustee under this codicil, and said trustee to invest the proceeds of any real estate received by him under this codicil, and to pay over the income thereof as hereinabove provided, or at his discretion to permit said proceeds to be invested by my said son John and the income thereof to be collected by him; and on the death of my said son John Swan, the said Campbell B. Herron, his heirs and assigns to hold all of the property taken under this codicil in trust as aforesaid, in trust for the heirs of my said son John and their heirs and assigns forever; provided, that should Annie M., wife of my son John survive him she shall take the same interest in said trust estate as she would have taken in case the same had been devised and bequeathed to my son John absolutely and in fee simple. And no part of said property devised and bequeathed as aforesaid in trust for the benefit of my son John shall be in any manner liable or subject to the payment of any of his debts. Except such as may be due me or my estate.

Testator owned certain lots in the City of Allegheny which were not mentioned in the will, and an undivided one-fourth interest in the Green Tree farm mentioned in paragraph ten of the will. The power of the executors to join with decedent's cotenant in making sale of portions of the Green Tree farm under the power given in paragraph ten of the will was upheld in Swan v. Covert, 138 Pa. 306.

A considerable portion of the said land, however, had not been sold when in 1893 proceedings were instituted by two of decedent's children for partition of certain realty, to which they were entitled, and also for the partition of the portion of the Green Tree farm remain-

ing unsold, and the lots in the City of Allegheny not mentioned in the will. The grandchildren of the decedent were not made parties to the proceeding, nor were they notified thereof. In 1910 petitions to intervene were filed on behalf of the grandchildren, praying that the decree of partition which was made in 1893 might be opened so far as it related to the Green Tree property and the lots above mentioned in the City of Pittsburgh. The real estate in question was substantially in the same condition it was at the death of the decedent, without additional improvements. The court granted the petition to intervene and decreed that the proceedings in partition should be opened and the decree set aside; that the Green Tree land and the lots in the City of Allegheny above mentioned should be stricken out of the record in said partition proceedings, and that the next of kin should have leave to make application for partition of the said realty; that the devisees of the other realty covered by the partition proceedings should have leave to make application to readjust the said realty between themselves. The children of decedent and those claiming under them appealed.

*Error assigned* was the decree of the court.

*Edwin W. Smith,* of *Reed, Smith, Shaw & Beal,* for appellants.—The gift of the residuary estate to the five living children included all of the real estate: Jacobs's Estate, 140 Pa. 268; Swan v. Covert, 138 Pa. 306.

Petitioners should not have been allowed to intervene; they should have established their title by an action at law: Small's App., 23 W. N. C. 20; Perrine v. Kohr, 20 Pa. Superior Ct. 36; Perrine v. Kohr, 205 Pa. 602; McMasters v. Carothers, 1 Pa. 324; Eell's Est., 6 Pa. 457; Welch's App., 126 Pa. 297.

*Thomas Patterson,* of *Patterson, Sterrett & Acheson,* with him *Stonecipher & Ralston,* for Eleanor S. Alston,

a minor, Robert Swan and David M. Alston, appellees.
—Testator died intestate as to the property in question:
Swan v. Covert, 138 Pa. 306; Chew v. Nicklin, 45 Pa.
84; Darlington v. Darlington, 160 Pa. 65; Cooper's Est.,
206 Pa. 628; Thompson's Est., 229 Pa. 542; Hoffner v.
Wynkoop, 97 Pa. 130; Bruckman's Est., 195 Pa. 363.

Appellees are not estopped nor are they barred by the
statute of limitations: Stahl's Est., 25 Pa. Superior Ct.
402; Waters's App., 35 Pa. 523; Hays v. Heidelberg, 9
Pa. 203; Schwab v. Edge, 214 Pa. 607; Heath v. Page,
48 Pa. 130; Denis's Est., 169 Pa. 493; Roney's Est., 227
Pa. 127.

The court had jurisdiction of the proceedings: Milne's
App., 99 Pa. 483; George's App., 12 Pa. 260; Johnson's
App., 114 Pa. 132; Kimmel's Est., 226 Pa. 47; Welch's
App., 126 Pa. 297; Bishop's Est., 200 Pa. 598; Mc-
Corkle's Est., 184 Pa. 626; Wistar's App., 115 Pa. 241.

*George H. Calvert,* with him *William A. Blakeley,
J. E. B. Cunningham, Donald Thompson* and *C. W.
Reamer,* for Union Trust Company of Pittsburgh,
guardian of Robert Swan Mueller, a minor, and Gus-
tave A. Mueller, appellees.—Testator died intestate as
to the real estate in question: Chew v. Nicklin, 45 Pa.
84; Darlington v. Darlington, 160 Pa. 65; Cooper's Est.,
206 Pa. 628; Bruckman's Est., 195 Pa. 363; Thompson's
Est., 229 Pa. 542; Kimmel's Est., 226 Pa. 47; Long v.
Hill, 29 Pa. Superior Ct. 606; Hoffner v. Wynkopp, 97
Pa. 130.

The original partition proceedings were void because
the court had not jurisdiction over all the parties inter-
ested: Walton v. Willis, 1 Dallas 351; Act of April 14,
1835, P. L. 275; Act of April 25, 1850, P. L. 569; Act of
May 9, 1889, P. L. 146; Richards v. Rote, 68 Pa. 248;
Perrine v. Kohr, 20 Pa. Superior Ct. 36; Slayman v.
Clark, 15 Pa. Superior Ct. 591; Reid v. Clendenning,
193 Pa. 406; Kimmel's Est., 226 Pa. 47; Blackwell v.

Cameron, 46 Pa. 236; Thompson v. Stitt, 56 Pa. 156; Stewart v. Miller, 4 W. N. C. 552.

The court had jurisdiction to vacate the decree: George's App., 12 Pa. 260; Holmes v. Fulton, 193 Pa. 270; Wistar's Est., 18 Phila. 80; Wistar's App., 115 Pa. 241; Pitzer's Est., 24 Pa. C. C. R. 359; Klingensmith's Est., 130 Pa. 516.

The statute of limitations was not a bar: Denis's Est., 169 Pa. 493; Stull v. Stull, 197 Pa. 243; Tulloch v. Worrall, 49 Pa. 133; Velott v. Lewis, 102 Pa. 326; Morris v. Venderen, 1 Dallas 64; Rohrbach v. Sanders, 212 Pa. 636; Peppard v. Deal, 9 Pa. 140; Marple v. Myers, 12 Pa. 122.

There was no estoppel: Com. v. Moltz, 10 Pa. 527; Cambria Iron Co. v. Tomb, 48 Pa. 387; Schwab v. Edge, 214 Pa. 607; Newman v. Edwards, 34 Pa. 32; Perrine v. Kohr, 205 Pa. 602; Slayman v. Clark, 15 Pa. Superior Ct. 591; Kimmel's Est., 226 Pa. 47; Brandmeier v. Coal Co., 219 Pa. 19; George's App., 12 Pa. 260; Roney's Est., 227 Pa. 127; Stahl's Est., 25 Pa. Superior Ct. 402; Grim's App., 109 Pa. 391; Yetter's Est., 160 Pa. 506.

OPINION BY MR. JUSTICE MESTREZAT, January 6, 1913:

It is settled in this jurisdiction that an adverse holding by one tenant in common for any length of time will defeat an action for partition. Neither the title to nor possession of real estate can be judicially determined in a proceeding for partition, and those who claim either must assert it in an appropriate proceeding on the law side of the court. Partition of real estate can only be had where the parties hold together and not adversely. When, therefore, a proceeding is instituted in the Orphans' Court for partition of real estate alleged to be owned by tenants in common, the party in possession of the premises must aver that the title is in him or that he is and has been in possession of the premises holding adversely to the claimant for partition, and set up such facts as will, if established, support his claim.

The petitioner is then put to his ejectment, and the court should suspend the proceedings in partition until the title has been judicially determined to be in him and he is put in possession of his interest in the real estate.

The question of jurisdiction should be raised at the beginning of the proceedings in partition. It should not be left to inference but should be distinctly averred so that the opposite party may have an opportunity and be prepared to meet it. Here, the appellants did not aver that they had title to and were in possession of the premises holding adversely to the appellees. They simply ask the court to infer the fact from certain statements in the petition and answer. We do not think this is sufficient. If they intended to rely upon ousting the jurisdiction of the court they should have pleaded distinctly the want of such jurisdiction and made it an issue in the case. One who seeks to oust the jurisdiction of the court in a proceeding in partition on the ground of want of title or an adverse holding of the premises must distinctly plead it, otherwise he will be regarded as having waived his right to assert such defense. The record should clearly show the plea and the facts which the respondent sets up in support of it. The Orphans' Court has jurisdiction in partition in certain defined cases and if there is any ground for ousting the jurisdiction where it is asserted in any case, it should be pleaded at the earliest opportunity and in terms so as to raise the issue. Under the pleadings in this case we do not think the appellants are in a position to compel the appellees to resort to ejectment to obtain possession before they attempt to assert their right to partition.

We agree entirely with the learned court below that the decedent died intestate as to the real estate situate in Allegheny City. The testator died seized of certain land situated in Ross Township, Allegheny County, two lots of ground on Federal street, Allegheny City, and six lots of ground in the Tenth ward, of Allegheny City.

In the eighth paragraph of his will he directs that his Ross Township property shall be divided between his five children. The Federal street lots are not mentioned in the will and no residuary clause covers them. It is clear that he made no testamentary disposition of them. He authorizes and empowers his executor to sell his Tenth ward property and some of the lots were sold by the executor, and the residue are involved in this proceeding. He bequeathed all his personal property not already disposed of by his will "consisting of stock, bonds, rents, uncollected balances on sales of real estate" to his five children but, as observed by the learned court below, this was a residuary gift of the testator's personal estate, and did not embrace the "rents and uncollected balances on sales of real estate" accruing after his death, and while there was a specific gift of the proceeds of sale which the executor in his discretion might make there was no disposition of the land itself. The five children took only the proceeds of such of the lots as the executor might sell but if no sales were made they did not take the land. The testator had devised to his five children the Ross Township real estate, and had he intended to make a similar disposition of the Tenth ward lots he would have done so in appropriate language. The fact that he did not devise the lots as real estate as he did the Ross Township property in the immediately preceding paragraph, leads to the conclusion that he did not intend that his five children should take the lots but only the proceeds which would arise from a discretionary sale of them by the executor. We think the testator made no disposition of the Tenth ward lots except to authorize the executor, in his discretion, to sell them, and that the latter having failed to exercise the authority and power thus conferred, the lots themselves did not pass to the five children but were part of his undisposed of property going to his heirs at law.

The decree entered by the learned court below is in

proper form and is correct. The petition of the parties representing the Grace Mueller interest prayed that the partition proceedings of 1893 be vacated and that the several orders and decrees therein be revoked, and that an inquest to make partition of the real estate described in the petition be granted. The prayer for partition could not be granted. It is conceded by all parties that necessarily there must be two proceedings to divide the property. A community of interests is requisite in all partition proceedings. Here, the homestead was owned exclusively by the five children of the testator who were living at the time of his death. The balance of his real estate, as to which he died intestate, went to the five children and the grandchildren, children of the testator's daughters who had predeceased him. It is, therefore, apparent that there must be one proceeding to partition the real estate which he devised to his five children and in which the grandchildren have no interest, and another to partition the real estate of which he died intestate among both the children and grandchildren. The proceeding instituted in 1893 would not serve to make partition of either of the properties. It was instituted on the theory that the then five living children of the decedent owned all the property of which the decedent died seized, and the three separate pieces of property were divided into five purparts and allotted to the five children charged with such owelty as was determined to be due from them respectively. It is, therefore, not appropriate to a proceeding instituted in either case, and the court was right in vacating and setting aside the whole proceeding. The parties will now be at liberty to begin a proper proceeding for partition of the respective pieces of real estate to and among those entitled thereto.

The decree is affirmed.