Keystone State Theatre Co., Appellant, *v.* Widmyer.

Argued January 5, 1951. Before DREW, C. J., STERN, STEARNE, JONES, BELL, LADNER and CHIDSEY, JJ.

*D. Arthur Magaziner,* with him *W. Hensel Brown,* for appellant.

*F. Lyman Windolph,* with him *W. G. Johnstone, Jr.* and *Windolph & Johnstone,* for appellees.

OPINION BY MR. JUSTICE HORACE STERN, March 19, 1951:

In order that partition of several tracts of land may be made in a single proceeding it is necessary that they all be owned in common by the same persons, even though the interest of each cotenant may not be the same in each parcel; in other words, there can be no partition of several tracts of land in the one action unless each of the parties thereto has some interest in

each and every of the parcels. Because of this rule, the court below properly sustained defendants' preliminary objections to plaintiff's amended bill in equity and dismissed it without prejudice.

Plaintiff, Keystone State Theatre Company, alleged in its bill that it was the owner of an undivided one-fourth interest in land (hereinafter referred to as tract "A") situate on the south side of West Chestnut Street between North Queen and North Market Streets in the City of Lancaster, and also that it was the owner of an undivided one-third interest in land (hereinafter referred to as tract "B") situate on the west side of North Queen Street between Orange and West Chestnut Streets, in that city. Tracts "A" and "B" adjoin one another, the south line of the former being identical with the north line of the latter. On "A" there are erected one-half of a motion picture theatre and also six shops; on "B" there are erected the other half of the motion picture theatre, a four-story apartment house and store room, and a four-story warehouse. The bill alleged that plaintiff acquired title to its one-fourth interest in "A" on January 7, 1948 and to its one-third interest in "B" on January 3, 1949; that defendant Charles F. Widmyer, by virtue of an agreement made on January 7, 1949 with Margaret C. Kinard, became the equitable owner of an undivided one-fourth interest in "A", and on August 29, 1949 he assigned that interest to defendant Thirty West Broad Corporation, Margaret C. Kinard, by the same deed, conveying to the latter the legal title thereto; and that Widmyer is the owner of an undivided one-half interest in "A" and an undivided two-thirds interest in "B". It therefore appears that the present status of the ownership of tract "A" is as follows: plaintiff a one-fourth undivided interest, defendant Widmyer a one-half undivided interest, and defendant Thirty West

Broad Corporation a one-fourth undivided interest, while the present status of the ownership of tract "B" is as follows: plaintiff a one-third undivided interest, and defendant Widmyer a two-thirds undivided interest. The bill prayed that partition of all this real estate be decreed between plaintiff and defendants, and that the case be referred to a master to divide the property among the owners according to their respective interests, or, in case such partition cannot be made, to appraise the value of the real estate, and, if necessary, to sell it in such manner and on such terms as the court may direct, and to divide the proceeds among those entitled thereto. Defendants filed preliminary objections for the reason that the bill showed on its face that Thirty West Broad Corporation had no interest in tract "B", and the rule is that a partition proceeding may not be maintained unless all of the parties are interested in all of the real estate sought to be partitioned.

The rule thus invoked by defendants is firmly established in the law: *Small's Appeal, (No. 1),* 23 W. N. C. 20, 1 Monaghan 664, 15 A. 767; *Swan's Estate,* 238 Pa. 430, 439, 86 A. 275, 277, 278; *Volkwein v. Volkwein,* 332 Pa. 120, 2 A. 2d 751. But plaintiff seeks to avoid its application by claiming that the present case falls within an exception thereto,—also well established by the authorities (see 65 A. L. R. 897 et seq.)—to the effect that one cotenant cannot, by a conveyance of his interest in a portion of the property held in common, prejudice the rights of his cotenants; the grantee or successor of such a cotenant simply steps into the shoes of his grantor, subject to all the rights of the other cotenants and their successors as to partition; for all purposes of partition, the whole property originally held in common by the cotenants continues to be a unit just as if no change

in the ownership of any interest therein had occurred. Or, stated, differently, the rule requiring the parties to be interested in all the land as a prerequisite to the partition of different tracts in a single proceeding is subject to the exception that, if the rights of the parties are all derived from a cotenancy as a common source of title, partition of different parcels will be granted even though one or more of the parties are interested in only one parcel; it is not allowable for a cotenant to split the joint estate into fragments so as to necessitate as many separate suits for partition as there may be conveyances: *Harlan v. Langham,* 69 Pa. 235.

Relying upon this exception to the general rule, plaintiff contends that immediately prior to August 29, 1949, when Widmyer and Margaret Kinard conveyed a one-fourth interest in tract "A" to Thirty West Broad Corporation, both the "A" and "B" tracts were held in common by the same cotenants, namely, plaintiff and Widmyer. The allegations in the bill, however, do not support this contention. There is nothing therein to show who at that time owned the one-half interest in tract "A" or the two-thirds interest in tract "B", which interests are alleged to be held now by Widmyer; neither is it shown that Margaret Kinard, who held the legal title to at least a one-quarter interest in tract "A", owned any interest at any time in tract "B". It therefore becomes unnecessary to consider whether, in any event, plaintiff would have the right to proceed in a single action as to both tracts in view of the fact that the special exception on which it relies has been said not to extend to a case where more than one tract was held in common under different grants, but, on the contrary, has apparently been limited to the situation where tenants in common own a *single* tract of land and one of them conveys his in-

terest in a specific part of the tract to a third party, in which case it is held that, even though there are now two separate parcels to be divided and the third party has no interest in one of the parcels, the remaining tenant in common can nevertheless have partition of the whole tract in one proceeding. Thus it was stated by Mr. Justice SHARSWOOD in *Harlan v. Langham,* supra, that "Of course, this principle [the exception to the general rule] must be held applicable only where there has been an original tract held in common, and not to the case of several tracts so held, under different grants."

While, therefore, we hold that plaintiff must bring a separate action against defendants Widmyer and Thirty West Broad Corporation for partition of tract "A" and a separate action against defendant Widmyer alone for partition of tract "B", it will not suffer any serious harm thereby since the court below will presumably appoint the same master in both actions, and, as stated in its opinion, the proceedings will be at all times subject to its approval so that the rights of all the parties can be protected despite the complication arising from the fact that the motion picture theatre extends over both of the tracts as to which partition is sought.

Decree affirmed, at appellant's costs.