Shober Farms, Inc., Appellant, *v.* Merrill.

Argued April 15, 1955.   Before HIRT, ROSS, GUN-
THER, WRIGHT, and WOODSIDE, JJ.  (RHODES, P. J. and
ERVIN, J., absent).

*Charles H. Coffroth,* for appellant.

*Wm. S. Livengood, Jr.,* with him *Livengood &
Nissley,* for appellees.

OPINION BY GUNTHER, J., July 21, 1955:

This is a suit in assumpsit for unpaid haulage roy-
alties.  Plaintiff is the assignee of rights to royalties
granted by deed of 1917 from assignor to defendants'
predecessor in title.  At the time of the conveyance,
the grantor, J. M. Shober, was owner of a one-half in-
terest in the land as tenant in common.  The deed con-
veyed the one-half interest but contained the follow-
ing reservation:

"2.  Also, Reserving and Excepting, the right to
the Party of the First Part, his heirs, executors, and
administrators or assigns to build and operate a rail-
way or tramway or to grant said right to anyone else

to build or operate such railway or tramway within 100 feet of the said Shober Run and on the premises hereby conveyed; said railway or tramway shall, however, not be built in any way which will interfere with the mining operations now begun by the Parties of the Second Part and should the Parties of the Second Part build and operate a railway or tramway along said Shober Run for the removal of coal from the land herein conveyed or from the Harry Hauger farm and Noah and Ira Beachley farms adjoining it, must be built to the extreme right as far as it is practicable going upstream, and should the parties of the Second Part, their heirs, executors, administrators or assigns desire to carry or convey more coal over said railway or tramway, than the coal mined from the above named tracts of land, then, the Party of the First Part, his heirs, executors, administrators, and assigns shall be paid one cent per gross ton royalty for all coal carried or conveyed over said railway or tramway."

A railway was constructed along Shober Run and coal from mines other than those specified in the reservation has been transported over the railway without payment of royalties. Defendants filed preliminary objections to the complaint which were sustained by the court below on the ground that the reservation was void ab initio.

This precise question has never before been passed upon by the courts of this Commonwealth. It is, however, well settled that one cotenant cannot, by a conveyance of his interest in a portion of the property held in common, prejudice the rights of his cotenants, nor can he split the property into fragments so as to necessitate many separate suits for partition. *Keystone State Theatre Co. v. Widmyer*, 366 Pa. 533, 79 A. 2d 239; *Harlan v. Langham*, 69 Pa. 235. The court below held that the reservation in this case was a restric-

tive covenant on one part of the property only and as such violated the general rule, citing *Adam v. Briggs*, 61 Mass. 361, in which a reservation of the mineral rights in a cotenant's deed was held to be void. The reason for the general rule is simply that if one cotenant can convey an interest or right in a particular part of the common property, the result will be to prejudice the right of the other cotenant to partition.

Appellant contends that *Adam v. Briggs*, supra, is not the law in Pennsylvania, and that a deed which fragments the cotenancy or which includes a reservation as to a part only is not void ab initio but is valid until and unless actual prejudice to the cotenant is established. It is further contended that no prejudice has occurred in this case, and that determination of prejudice must await a partition proceeding, at which the nongranting cotenant might possibly receive as his share the unencumbered portion of the property. There is authority from other jurisdictions to support appellant's contentions. However, this issue could not await an eventual partition proceeding because the issue of prejudice is now upon the parties due to this action.

The prejudice or injury to the cotenant is present and real in this case because of the fact that the defendants own the entire surface of the property. They have received the unencumbered one-half interest through other conveyances and as well as that subject to the reservation. The result of enforcing the royalty clause would be to impose an encumbrance on the half interest which was acquired through the original nongranting cotenant. Such a result would violate the basic concepts of cotenancy.

"A tenant in common has an interest in the possession of every part of the property, and from the nature of the estate must necessarily be in possession of the whole of the common property and every part

thereof, and cannot be ejected for occupying more than what would be his share of the premises on partition; nor can the rights to possession of the premises, which all tenants in common of the property are entitled to as between themselves, be affected by the acts of one dispossessing another by force or fraud." *Fry v. Stetson*, 176 Pa. Superior Ct. 171, 176, 106 A. 2d 662. To permit plaintiff to recover would result in imposing a burden on the other cotenant's right to enjoy the whole property equally. Since defendants own the whole they can properly utilize the railway as an incident of the half which was never encumbered free and clear of any duty to pay royalties. The preliminary objections were therefore properly sustained.

Judgment affirmed.