## Erie Insurance v. Kaschalk Building

*Dennis J. Stofko,* for plaintiff.
*Robert J. Pfaff,* for defendant.

COFFROTH, *P.J.,* March 27, 1984—This is an action in trespass by plaintiff insurer against de-

fendant contractor who furnished work and materials in the construction of a dwelling house for plaintiff's insured, which proved defective and for which plaintiff partially indemnified the insured, alleging negligence by defendant in the construction, to recover the amount so paid. Two issues are presented as follows:

(1) Must the action be dismissed for nonjoinder of the insured as an indispensable party plaintiff in light of the fact that plaintiff insurer is a partial subrogee only?

(2) If not, is plaintiff entitled under the evidence to recover on the merits?

## FACTS AND HISTORY

In the latter part of 1980, defendant furnished work and materials in the construction of the dwelling house of the insured (Mr. and Mrs. Michael Barton). On January 10, 1981, the insured occupied the dwelling; in February, 1982, a portion of the vinyl siding of the house was blown off in a storm. By check dated May 19, 1982, plaintiff insurer paid to the insured owner the sum of $792.91 in settlement of the insured loss, and on May 21, 1982, plaintiff insurer filed a civil action before District Justice Roush for $892.91. On June 1, 1982, the insured-owner filed a civil action before District Justice Roush for additional damages arising out of the same incident, in the amount of $1,250. Defendant having failed to appear, judgments were entered against defendant in both actions. Thereafter, defendant filed appeals in both actions; plaintiff insurer filed the instant complaint in obedience to the rule to do so issued in the appeal, but the insured failed to file a complaint in the appeal of the other action, as a result of which judgment of non pros was entered therein at defendant's instance (No.

414 Civil 1982). The present appeal was first tried in arbitration, resulting in a verdict for plaintiff, from which defendant has filed this appeal to the court.

The only explanation in the record for the discrepancies between the amount plaintiff paid the insured ($792.91), the amount sued for by plaintiff in the action before the district justice ($892.91), the amount claimed in the instant complaint ($792.91), and the amount sued for by the insured in their action before the district justice ($1,250), is the statement of plaintiff's counsel in the pretrial conference transcript that the latter claim is for the uninsured loss.

## DISCUSSION

Nonjoinder Of Insured:

The defense objection to nonjoinder is phrased as follows (paragraph 5 of new matter):

"The complaint filed by plaintiff fails to state a cause of action in that the complaint does not set forth the standing of Erie Insurance to bring the within action."

The reply responds that:

"Denied as stated. Erie Insurance is the insurance carrier for Michael Barton [insured owner] and has paid the sum of $792.91 and has taken a subrogation receipt from Michael Barton which is attached hereto and marked plaintiff's Exhibit A."

Defense counsel's brief is more specific than the pleading in stating the issue as follows:

"Is Erie Insurance a proper party plaintiff where its standing to sue derives solely from its position as partial subrogee?"

In giving a negative answer, the brief concedes that plaintiff is a party in interest, but complains that plaintiff

" . . . is not the sole real party in interest because the partial indemnitee, in this case Bartons [insured], remain a real party in interest to the extent that the partial indemnitee has not been indemnified. . . . . .

"Applying this rule to the facts in the case at bar, it appears that Bartons, partial indemnitees, originally attempted to assert their own cause of action against Kaschalk for an amount in excess of that claimed by the partial subrogee, Erie Insurance. Although Bartons suffered a judgment of non pros for failure to file a complaint in response to Kaschalk's appeal, they are still real parties in interest to this action by virtue of their assertive claim, and therefore *must be joined as indispensible [sic] parties.* The fact that plaintiff Erie Insurance has failed to join its partial indemnitee, the Bartons, is grounds for *dismissal* pursuant to Pennsylvania Rule of Civil Procedure 1032." (Emphasis added).

We conclude that defendant was entitled to have the action brought for the insurer's entire cause of action against defendant, including all damages claimed by both insured and insurer without splitting the cause of action as was done here, but that defendant is not entitled to dismissal on that account under Civil Rule 1032(2). Our conclusions are based on the following propositions:

(1) This being an appeal in this court from a judgment of a district justice, the proceeding is de novo pursuant to the Rules of Civil Procedure, as if the action had been initially commenced in the Common Pleas Court, and as though the case had never been before the district justice. Taylor v. Barnhart, 34 Somerset L. J. 348, 5 D.&C.3d 53 (1978); DJ Rule 1007 and Note thereto. This appeal from the arbitration award in this court is also de novo. Civil Rule 1311(a). On the character of a de novo pro-

ceeding, see: Commonwealth v. Marker, 41 Somerset L. J. 138, 25 D.&C.3d 119, 122 (1982); D'Arciprete v. D'Arciprete, 323 Pa. Super. 430, 470 A.2d 995 (1984).

(2) The error in the present proceeding was bringing the action for only part of the cause of action against defendant contractor for only part of the damages arising from the alleged negligence in the construction of the insured's dwelling house, thus violating the fundamental policy of the law against splitting a cause of action, resulting in subjecting the defendant and the judicial system to a multiplicity of suits. On splitting causes of action in general, see: Goodrich Amram 2d §1019:1.1; PLE, Judgment §258; 3 Standard Pennsylvania Practice, Chapter 18; Gary v. Masterson, 38 Somerset L. J. 347, 355 (1979) and cases there cited. The rule applies to partial assignments and partial subrogations, and requires joinder of all claims in the cause of action. See: Goodrich Amram 2d §§2002(a):10 and (a):12.[1] The rule against splitting the cause of action applies to insured-insurer situations in which the insurer is a partial subrogee. In such a case, the cause of action against the third party wrongdoer is single and indivisible, the measure of damage is the whole of the injury, and two actions may not be brought for the single claim (absent waiver, estoppel or some special circumstance), if there is timely and proper objection. See Manley v. Montgomery Bus Company Inc., 82 Pa. Super. 530, 533, (1924). As stated in Travelers Insurance Company v. Hartford Accident & Indemnity Company, 222 Pa. Super. 546, 549, 294 A.2d 913, (1972):

---

1. The status of a partial subrogee parallels that of a partial assignee, except that joinder of the former as a party is optional. See: Goodrich Amram 2d §2002(a):12; PLE, Subrogation §§1 and 7.

"The Court below is correct in citing our adherence to the time-honored principle that an injured party must consolidate into a single action against a wrongdoer all damages arising out of a tort. As a subrogee derives his right of recovery from the injured party, the prohibition against splitting of actions is no less binding where the interest of the subrogee is involved." Citations omitted.

See also: Spinelli v. Maxwell, 430 Pa. 478, 243 A.2d 425 (1968); CJS, Insurance §1209c; Am Jur 2d, Insurance §1827; compare J.M. Shober Farm Inc. v. Merrill, 179 Pa. Super. 446, 115 A.2d 384 (1955), appeal from this court.

(3) In accordance with the foregoing, the defense brief states that:

" . . . both the partial subrogee and the indemnitee must join as co-plaintiffs" (Emphasis in original).

Parties are classified as indispensable (those who must be joined in order for the court to exercise its jurisdiction), necessary (those who should be joined in order to grant complete relief and avoid multiplicity of suits), and proper (those who may be joined but are neither indispensable nor necessary). See: Goodrich Amram 2d §2232(c):1 at page 561; Mostoller v. Mostoller Estate, 39 Somerset L. J. 142, 151 (1980); Hay v. Lucente et al., 37 Somerset L.J. 9, 11 (1978). Although those classifications were developed in equity and cannot always be strictly applied in actions at law, see Goodrich Amram 2d §2232(c):1 at pages 561-562, the distinction permeates the Rules of Civil Procedure governing actions at law. Thus, Rule 1017(b)(5) authorizes a preliminary objection in the form of a petition raising the defense of "nonjoinder of a necessary party"[2]; Rule

2. The term "necessary party" in Rule 1017(b)(5) presents an ambiguity in terms of the concepts of

1032(1) provides for waiver of all defenses not raised in the pleadings except (inter alia) "failure to join an indispensable party"; Rule 2232(c) authorizes the court to order joinder of a proper party who could have been joined, and then states that the court may allow the action to proceed without such joinder "if jurisdiction over him cannot be obtained and he is not an indispensable party to the action". Rule 1032, relied on by defense counsel in seeking dismissal here, provides in subsection (2) thereof

"(2) that whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter or that there has been a failure to join an indispensable party, the court shall dismiss the action."

Quite obviously, the defense contention here is that the insured is an indispensable party who must be joined, not merely a necessary party who should be joined nor a proper party who may be joined.

(4) Whether a person is an indispensable party to an action depends on which test is applied to determine indispensability, as follows:

(a) The traditional test is that an indispensable party is one without whom "relief cannot be given".

---

"indispensable" and "necessary" parties as above defined. See Mostoller v. Mostoller Estate, supra, 151 et seq.; Hertz v. Record Publishing Company of Erie, 60 D.&C. 591, 593 (1947). The discussions in Goodrich Amram 2d §§1017(b):3, (b):13, and (b):16 seem to equate "necessary" with "indispensable". We think the word "necessary" in Rule 1017(b)(5) should be construed to include both "necessary" and "indispensable" parties, see Mostoller v. Mostoller Estate supra, although admittedly indispensability is substantive which goes to the cause of action, see Tigue v. Basalyga, 451 Pa. 436, 304 A.2d 119 (1973) and Goodrich Amram 2d §11032:6, whereas necessity is procedural. Compare Goodrich Amram 2d §1017(b):13.

Action Coalition of Elders v. Allegheny County Institution et al., 493 Pa. 302, 306, 426 A.2d 560 (1981).

(b) In Mechanicsburg Area School District v. Kline, 494 Pa. 476, 481, 431 A.2d 953 (1981), it is stated that in an action in equity the test of a person's indispensability as a party is whether he "has such interest that a final decree cannot be made without affecting it, or leaving the controversy in such condition that final determination may be wholly inconsistent with equity and good conscience."[3]

Since it is clear that relief for plaintiffs in this case can be given without the insured's joinder, the insured is not an indispensable party under the traditional test stated in (a) supra; and that has been the holding elsewhere in similar cases. See U.S. v. Aetna Casualty & Surety Company, 338 U.S. 366, 94 LEd 173 (1949) at note 19; White Hall Building Corp. v. Profexray Division of Litton Industries, 387 FS 1202, 1207 (ED Pa. 1974), citing and relying on St. Paul Fire & Marine Insurance Company v. Peoples Natural Gas Company, 166 FS 11 (WD Pa. 1958) applying Pennsylvania law (Marsh, J); annotation, Proper Party Plaintiff, Under Real Party In Interest Statute, To Action Against Tortfeasor For

---

3. The court also stated (494 Pa. at 486) that ". . . if the merits of a case can be determined without prejudice to the rights of necessary parties, absent and beyond the jurisdiction of the Court, the Court will proceed without them."

In Action Coalition of Elders supra, 493 Pa. at 312, Justice Flaherty (apparently speaking for himself only) proposed as the test for indispensability of a party ". . . a balancing of the interests of the plaintiff, the defendant, the absentee and society", which was subsequently rejected by implication in Mechanicsburg supra in which Justice Flaherty concurred only in the result.

Damage To Insured Property Where Insured [Insurer] Paid Part Of Loss, 13 ALR3d 140, 153 §4[b].

The Mechanicsburg test of indispensability focuses on the question whether the absentee's right or interest is "essential to the merits of the issue" and whether "justice [can] be afforded without violating the due process rights of the absent parties" (Id, 481). Indispensability might well depend upon whether, without joinder, a judgment in the present action would be res judicata of the absent insured's claims against defendant.[4] But in this case, the insured had timely notice of the action, testified at the trial as a witness for plaintiff, has taken no steps to become a party in the instant action, and has acquiesced in or has accepted the judgment of non pros, thereby voluntarily allowing the action to proceed in its present form.[5] There is, therefore, no violation of

---

4. On res judicata, see Stahl v. Hilderhoff, 432 Pa. 179, 247 A.2d 582 (1968); Spinelli v. Maxwell, supra; Daniels v. State Farm Mutual Auto Insurance Company, 305 Pa. Super. 352, 356, 451 A.2d 684 (1982); Bachman v. Artinger, 285 Pa. Super. 57, 426 A.2d 702 (1981) at note 1; Erie Insurance Exchange v. Gouse, 180 Pa. Super. 488, 492, 119 A.2d 672 (1956); Manley v. Montgomery Bus Company Inc., supra; Simoni v. Birocco, 47 D.&C.2d 112 (1969); Service Fire Insurance Company v. Nicosia, 38 Del. 200 (1950); Glaros v. Stocker, 21 D.&C.3d 154 (1982), no-fault; Restatement of Judgements §62.

5. The judgment of non pros entered by defendant against the insured under Civil Rule 1037(a) on the latter's action before the district justice is not an obstacle to the insured's joinder as a co-plaintiff in this case, because a judgment of non pros merely bars further proceedings in that particular action until it is stricken, opened or otherwise removed. It does not adjudicate or otherwise impair the underlying cause of action, nor does it prevent the claimant from bringing or joining in another action for the same claim and prosecuting it to judgment, provided the time limitation has not expired and in personam jurisdiction over defendant is obtained. See Vought

due process or inequity. The insured here is not an indispensable party under either test.

(5) Moreover, defendant (consistent with its prayer for dismissal only) has not asked for or taken any steps to accomplish the insured's joinder — does not really want joinder; accordingly defendant has allowed and consented to the splitting of the cause of action in the instant case. Under Restatement Of Judgments supra §62, subsection (c), a final judgment in the present action would not be res judicata upon the insured. "The purpose of the Rule stated in this section [§62 supra] is to protect defendant from being harassed by several actions based on a single cause of action. It is not applicable where the defendant consents, in express words or otherwise, to the splitting of the cause of action." Id, Comment m. All parties in cases of this kind must act with reasonable care to protect their respective interests by seeking timely joinder of known persons whose absence from the action might be prejudicial, under penalty of waiver or estoppel for failure to do so. See Travelers Insurance Company v. Hartford Accident & Indemnity Company, supra; McKnight v. Blakely, 6 D.&C.2d 162 (1955).

---

v. Sober, 73 Pa. 49 (1873); Scharf v. Richard DeCou Company, 320 Pa. 552, 183A. 41 (1936); Bucci v. Detroit Fire & Marine Insurance Company, 109 Pa. Super. 167 (1933); Delmonico International Corp. v. Phillips, 59 D.&C.2d 235 (1972); Sikorski v. Beschak, 41 Luzerne 305 (1950); Karno-Smith Company v. Scranton School District, 44 FS 860 (MD Pa, 1942); PLE, Judgment §279. Compare dismissals for non prosecution under Rule Of Judicial Administration (RJA) 1901 (inactive cases). See: Commonwealth v. Flowers, 46 Pa. Commw. 326, 407 A.2d 896, (1979); Bon Homme Richard Restaurants Inc. v. Three Rivers Bank & Trust Company, 298 Pa. Super. 447, 444 A.2d 1272 (1982); Local Rule R24-303.

(6) It is arguable that the judicial system (society, see Action Coalition of Elders supra note [3]), having an interest in avoidance of multiplicity of suits, could on its own motion add the insured as a party under the discretion granted in Civil 2232(c), Goodrich Amram 2d §2232(c):1.1. But under the circumstances in this case, we cannot say that the insured is a *necessary* party who should be joined, so there is no good reason for acting sua sponte as we did in Hay v. Lucente, and Mostoller v. Mostoller Estate, both supra. Of course, if defendant or the insured had early on asked for joinder of the insured as a party, that relief would have been promptly granted; under present circumstances, we should not go beyond the relief sought. Compare: Baederwood Shopping Center Inc. v. St. George & Company Inc., 262 Pa. Super. 55, 396 A.2d 642 (1978); Azar v. Azar, 37 Somerset L. J. 210 (1979); Pittsburgh National Bank v. Garrity, 31 Somerset L. J. 333, 336 note [3] (1976). Moreover, under the circumstances further litigation by the insured is unlikely. See Coleman v. Heiple (No. 2), 29 Somerset Legal Journal 363, 368 (1974).

(7) Treating the insured as a necessary party, the remedy is not dismissal of the action, but joinder of the insured by plaintiff, or by the court under Civil Rule 2232(c). Even if the insured were regarded as an indispensable party, we would not be required to dismiss the action in a case of this kind, notwithstanding the seemingly mandatory language of Civil Rule 1032(2), unless it appears in trial that a party would be materially prejudiced by non-dismissal, or unless it appears that subject matter jurisdiction of the court would depend upon joinder. See Goodrich Amram 2d §1032:8.

(8) Where the rule against splitting the cause of action is applicable in a partial subrogation case, the

action may be bought in the name of the insured alone acting for himself and as trustee for the subrogee, see Manley v. Montgomery Bus Company Inc., supra, and Gales v. Hailman, 11 Pa. 515 (1849), or by both indemnitee and subrogee representing their own interests, but it may not be brought by the partial subrogee for his claim alone unless, as in the instant case, the wrongdoer (and the court) have consented to the split. Goodrich Amram 2d §2002(a): 12 at note 66.

The Merits:

The greater weight of the evidence establishes the negligence of defendant in the installation of the siding of the building.

## NISI NONJURY DECISION

Now, March 27, 1984, the verdict is for plaintiff for the sum of $792.91, and costs. The prothonotary shall, on praecipe, enter the foregoing as the final judgment unless exceptions are filed as prescribed by Civil Rule 1028.