## Colburn, Appellant, *v.* Colburn.

*Husband and wife—Agreement of separation—Enforcement of —Equity—Attachment—Act of July 12, 1842, P. L. 339.*

1. While equity has jurisdiction over a separation agreement between a husband and wife, it cannot, under the Act of July 12, 1842, P. L. 339, enforce a decree for the payment of money in such a proceeding by attachment of the person.

2. Equity cannot enforce such a decree as it would a decree for the payment of trust funds, inasmuch as a husband is not a trustee for his wife under a separation agreement.

Argued January 8, 1924. Appeal, No. 23, Jan. T., 1924, by plaintiff, from order of C. P. No. 4, Phila. Co., Dec. T., 1921, No. 2384, discharging rule for attachment, in case of Annie O. Colburn v. Charles Colburn. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Rule for attachment. Before FINLETTER, J., and MC-CULLEN, J.

Rule discharged in opinion by FINLETTER, J. Plaintiff appealed.

*Error assigned* was order, quoting it.

*J. W. McWilliams,* with him *G. A. Troutman* and *Tustin & Wesley,* for appellant.—A court of equity has

jurisdiction of a separation agreement and may enforce it by attachment: Lehr v. Beaver, 8 W. & S. 102; Hutton v. Hutton, 3 Pa. 100.

The Act of July 12, 1842, P. L. 339, does not apply: Com. ex rel. v. Lewis, 253 Pa. 175; Wilson v. Wilson, 142 Pa. 247; Com. v. Richards, 131 Pa. 209; Miller v. Miller, 21 Pa. C. C. R. 252; Scott v. Scott, 80 Pa. Superior Ct. 141.

*Ulysses S. Koons,* for appellee, was not heard.

PER CURIAM, February 4, 1924:

Plaintiff and defendant are husband and wife but have not lived and cohabited together since August 10, 1916. On January 14, 1920, by agreement in writing, they agreed to live separate and apart, neither to bother or molest the other, and defendant to pay his wife the sum of $125 on the first day of each month thereafter. These payments defendant continued to make until December, 1920, since which time no money has been paid. In December, 1921, plaintiff filed her bill asking that defendant be required to specifically perform his agreement and make payments as provided by its terms. The court, after hearing, decreed specific performance and directed that defendant pay arrearages, aggregating $2,366.34 and that he also continue to pay monthly sums required by the agreement. Defendant, having failed to comply with the decree, a petition for his attachment followed which the court dismissed.

The question before us is the power of a court of equity to enforce its decree for the payment of money due under a separation agreement by attachment of the person of the defaulting husband. Section 1 of the Act of July 12, 1842, P. L. 339, provides: "No person shall be arrested, or imprisoned on any civil process issuing out of any court of this Commonwealth, in any suit or proceeding instituted for the recovery of any money due upon any judgment or decree founded upon contract, or

due upon any contract, express or implied, or for the recovery of any damages for the nonperformance of any contract, etc." Here plaintiff's bill is founded upon a contract and the decree is for the payment of money. While it is admitted equity has jurisdiction in separation agreements, it is denied that decrees for payment of money in such proceedings are enforceable by attachment of the person. This court has held that attachment in such cases does not lie. In Pierce's Appeal, 103 Pa. 27, 29, it is said: "The statute applies alike to all judgments at law and to decrees in equity, and prohibits arrest in every case upon contract which is not included in the exceptions. Where it applies, an attachment cannot be lawfully issued, for the party shall not be arrested and put to his answer to the satisfaction of the judge or chancellor, that he is unable to pay the judgment or decree, under pain of imprisonment. The object being to prevent oppression of debtors in furtherance of that end, it should be liberally construed." Plaintiff further contends there is a fundamental duty resting upon defendant to support his wife and that we should enforce this duty as we would the payment of trust funds. The court below correctly answered this contention as follows: "The cases relating to trusts are excepted from the operation of the Act of 1842 not only because the basis of the claim is not a contract but a legal duty, but also a breach of trust is something more than a contract. In addition, reasons of expediency have a greater influence upon the conclusion of the court, for unless the trustee could be reached by attachment, he could not be reached at all, if he had no property of his own......Chew's App., 44 Pa. 247. That is to say, without the right of attachment, the cestui que trust would be without remedy and the decree of payment impotent. Not so, however, as to maintenance. While the marriage relation subsists alimony may be decreed by the courts having jurisdiction over the domestic relations......The injured wife is not, therefore, without remedy." We have not been referred to any case in

which it has been held a husband is a trustee for his wife under a separation agreement similar to the one here in controversy. The cases cited by plaintiff do not sustain that contention.

The judgment is affirmed at the costs of appellant.