470 A.2d 995

**Allene D'ARCIPRETE**

v.

**Andrew G. D'ARCIPRETE, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 9, 1983.

Filed Jan. 13, 1984.

Barry M. Miller, Norristown, for appellant.

Frederick C. Horn, Lansdale, for appellee.

Before SPAETH, President Judge, and CAVANAUGH and HOFFMAN, JJ.

HOFFMAN, Judge:

This appeal involves several challenges to the lower court's support order. We find no merit in appellant's numerous claims and, accordingly, affirm the order of the lower court.

In June 1981, Mrs. D'Arciprete, appellee, filed an action against her husband, appellant, seeking support for herself and their two-year-old son, Matthew. An office conference was held on July 14, but the parties did not come to an agreement. On September 15, 1981, the master recommended support payments of $200 per week, allocating $130 per week to appellee and $70 per week to Matthew, to which appellant filed exceptions.[1] On December 17, 1981, a hearing de novo was held before the Honorable Lawrence A. Brown of the Court of Common Pleas of Montgomery County and appellant was ordered to pay $235 per week in support, with $150 per week allocated for appellee and $85 per week for Matthew.[2] This appeal followed.

■ Appellant contends first that the lower court erred in entertaining appellee's testimony concerning her loss of income since the master's hearing because (1) only appellant filed exceptions and (2) her loss of income had yet to occur.[3]

1. Montgomery County has chosen Pa.R.Civ.P. 1910.11 as the procedure for support actions. Apparently, both a master and a domestic relations officer were present at the office conference, a minor difference from the 1910.11 procedure. Unlike the procedure in Pa.R.Civ.P. 1910.12, however, the master did not hold a separate evidentiary hearing. His recommendation was treated as an order under 1910.-11(f), allowing any party ten days to file a written demand for a hearing de novo. Thus, appellant's exceptions were properly treated as a demand for a hearing.

   Montgomery County's variation from Pa.R.Civ.P. 1910.11 may possibly have confused the appellant. Nonetheless, he has not challenged the rule and we shall reserve decision on this variation until it is properly raised.

2. The December 17 order, effective December 21, also provided that arrearages were set at $465 by agreement of counsel, and that appellant was responsible for all of Matthew's medical bills that were unreimbursed by insurance.

3. On September 25, 1981, appellant filed exceptions to (1) the amount of the award recommended by the master, and (2) the effective date of

Appellant overlooks the fact that the hearing before the lower court was a hearing de novo. "De novo review entails, as the term suggests, full consideration of the case anew. The reviewing body is in effect substituted for the prior decision maker and redecides the case." *Commonwealth v. Gussey*, 319 Pa.Superior Ct. 398, 404, 466 A.2d 219, 222 (1983), *quoting Virnelson Motor Vehicle Operator License Case*, 212 Pa.Superior Ct. 359, 367, 243 A.2d 464, 468 (1968). Our position is further supported by the fact that Montgomery County chose to follow the de novo hearing procedure for support actions, *see* Montgomery County Rules of Procedure 1910.11, rather than the alternative procedure which, in place of providing for a hearing de novo, provides for the filing of exceptions and states that "[m]atters not covered by exceptions are deemed waived," *see* Pa.R.Civ.P. 1910.12.[4] Accordingly, the lower court had discretion in the de novo hearing to consider all the facts in determining whether to accept, reject or modify the master's recommendation.

■ Appellant's additional contention that appellee's income had not yet been reduced is also meritless. Appellee had been earning $50 per week as a Fuller Brush salesperson but lost her job the week before the hearing de novo. The lower court took this into consideration in awarding support above the amount recommended by the master. (N.T. December 17, 1981 at 10). Although appellee testified that she was still earning income because her job was a

the order in that the master failed to give him credit for payments made to appellee after the effective date on the order. He withdrew the first exception prior to the December 17 hearing and the amount of arrearages was agreed upon by the parties during the course of the hearing.

4. Pa.R.Civ.P. 1910.10 provides that: "The [support] action shall proceed as prescribed by Rule 1910.11 unless the court by local rule adopts the alternative hearing procedure of Rule 1910.12."

In an analogous situation, this Court has held that, because appeals from arbitration awards are de novo, any selective appeal limited solely to the damage issue was precluded and the court could also redecide liability. *See Feingold v. A & C Electric Company, Inc.*, 305 Pa.Superior Ct. 542, 451 A.2d 780 (1982); and *Piernikowski v. Cardillo*, 263 Pa.Superior Ct. 202, 397 A.2d 817 (1979).

"residual thing" which would phase out completely by the end of the year, we do not agree that appellee's current loss of income had not been evidenced. (N.T. December 17, 1981 at 12). At the time of the hearing de novo, appellee's income had already dropped to $35 per week and was expected to continually decrease over subsequent weeks until its complete cessation. The lower court correctly reasoned:

> The [appellant] would have us relegate the [appellee] to filing a petition to modify despite the fact that the hearing was de novo and the Master's figure of $200 a week was a recommendation and not an order. No prejudice was shown by reason of our decision to hear testimony concerning the loss of the job. Certainly it avoided delay and the waste of time and money to both the court and the litigants which another trip through the system would require. Both parties were present and prepared so there was no injury to the [appellant] in denying him the delay he sought.

(Lower Court Opinion at 2–3).

Appellant also argues that the lower court erred in ordering him to bear 70% of appellee's loss of income. He derives the 70% figure from the fact that appellee's prior income was $50 per week and the court's support order was a $35 increase from the amount recommended by the master. Appellant's reasoning is erroneous. "The appellate review of support orders is very narrowly defined and upon appellate review, we will not, and indeed should not, interfere with the lower court's determination absent a very clear abuse of discretion." *Urban v. Urban*, 298 Pa.Superior Ct. 224, 226, 444 A.2d 742, 743 (1982), *quoting Commonwealth ex rel. McQuiddy v. McQuiddy*, 238 Pa.Superior Ct. 390, 358 A.2d 102 (1976) (citation omitted). Here, appellant was earning $517 a week as a computer analyst and the lower court awarded $235 per week for the support of appellee and the parties' son. We cannot say that this

order is confiscatory or constitutes an abuse of discretion. *See Jones v. Jones*, 348 Pa. 411, 35 A.2d 270 (1943) (support order for wife and child of $200 per month where husband received $418 per month); and *Commonwealth ex rel. Haimowitz v. Haimowitz*, 221 Pa.Superior Ct. 364, 292 A.2d 502 (1972) (support order for wife and child of $125 per week where husband received $245 per week).[5]

■ Appellant contends finally that the lower court failed to consider appellee's earning capacity. The record belies this contention. Appellee testified that she needed to work at home because Matthew has cerebral palsy and that she had been unable to find in-home work. (N.T. December 17, 1981, at 14–15, 25–26). She also testified that when she previously worked outside the home, all of her income went towards paying the babysitter. (N.T. December 17, 1981, at 14–15, 25). We have stated that "[t]he hearing judge has the best opportunity to decide the facts since he observes the witnesses and can best pass on their credibility" and that his findings on credibility "should not be reversed by the appellate court unless there is a capricious disregard of competent evidence." *Commonwealth ex rel. Powelson v. Powelson*, 277 Pa.Superior Ct. 220, 221, 419 A.2d 741, 742 (1980). Here, the lower court considered the testimony and reasonably concluded that "[a]lthough Mrs. D'Arciprete possesses secretarial skills, she testified credibly as to her unsuccessful efforts to find typing work which she could perform at home." (Lower Court Opinion at 2).

Under these circumstances, we find appellant's contentions meritless and, therefore, must affirm the order of the lower court.

Affirmed.

5. The policy is that the amount awarded the wife should not exceed one-third ($\frac{1}{3}$) of the husband's income. *Drummond v. Drummond*, 414 Pa. 548, 200 A.2d 887 (1964); *Commonwealth v. Gilleland*, 93 Pa.Superior Ct. 307 (1928). Here, the amount allocated to appellee of $150 per week is less than one-third ($\frac{1}{3}$) of appellant's $517 per week income.