488 A.2d 344

**Irving L. MADNICK**

v.

**Eileen R. MADNICK, Individually and as Trustee for Gregg, Marc and Meredith Madnick, Appellant.**

Superior Court of Pennsylvania.

Argued May 8, 1984.

Filed Feb. 15, 1985.

Dona S. Kahn, Philadelphia, for appellant.

James J. Garrity, Norristown, for appellee.

Before WICKERSHAM, WIEAND and LIPEZ, JJ.

LIPEZ, Judge:

Irving Madnick filed this equity action against his former wife Eileen Madnick, seeking to have the marital residence sold under the parties' property settlement agreement, and to have a resulting or constructive trust in 50% of the proceeds of the sale imposed for Irving's benefit. Eileen counterclaimed for enforcement of another term of the settlement agreement, providing for Irving to pay $200 per week child support. Judge Lowe's decree nisi granted Irving's request, but denied Eileen's counterclaim. After

denial of Eileen's exceptions and entry of a final decree, Eileen filed this appeal, contending that Judge Lowe erred both in granting Irving a resulting trust in 50% of the proceeds of the house, and in denying Eileen's counterclaim for $200 support. We find that Judge Lowe's opinion thoroughly disposes of the first issue, and there is no need for additional comment on it.

Regarding the second issue, the tenth section of the comprehensive separation agreement between Irving and Eileen provided in pertinent part:

(a) Husband agrees to pay, upon execution of this Agreement, on behalf of the children for their care, support and maintenance, the sum of $200.00 per week.

(b) Husband agrees to sign a Stipulation entering the $200.00 per week as a Court Order in the Court of Common Pleas of Philadelphia County, a true and correct copy of which is attached hereto and made Exhibit "A".

Pursuant to paragraph (b), the $200.00 per week support was entered as a court order, but was later suspended by the court for a period, and then reinstated at a reduced rate.

Because of the suspension and reduction of the amount of court-ordered support, Eileen's counterclaim for $200.00 per week support was based on the contractual liability created by paragraph (a) above. Eileen argued in the court below that *Brown v. Hall,* 495 Pa. 635, 435 A.2d 859 (1981), allowed enforcement of the contractual liability for support, apart from the liability created by having the stipulated support entered as a court order. Judge Lowe distinguished *Brown v. Hall, supra,* on the ground that in that case, the court order for support pre-dated the agreement, while here the agreement was formed before being entered as a court order, and therefore the agreement merged into the court order for support. In the identical situation in *Millstein v. Millstein,* 311 Pa.Super.Ct. 495, 457 A.2d 1291 (1983), this court rejected the argument that a support agreement which predates court-ordered support automatically merges into the court order. Instead, *Millstein* held that whether merger occurs depends on the parties' intent,

which was determined by analyzing the terms of the agreement.[1] *Id.*, 311 Pa.Superior Ct. at 506–07, 457 A.2d at 1296–97.

As in *Millstein*, the agreement here clearly demonstrates the parties' intent to create a contractual obligation independent of the obligation to pay court-ordered support. The two obligations were created separately in paragraphs (a) and (b) of the tenth section of the agreement, as quoted above. The statement of purpose at the beginning of the agreement explicitly provides that "it is the desire of the parties, after long and careful consideration, to amicably adjust, compromise and settle all property rights and all rights in, to or against each other's property or estate, including property heretofore or subsequently acquired by either party, and to settle all disputes existing between them including any and all claims for Wife's and/or Husband's maintenance and/or support, alimony, counsel fees and costs." The purpose of this comprehensive agreement to settle all claims clearly cannot be fulfilled if it is construed to require only court-ordered support, since the amount of court-ordered support is always subject to modification. The purpose of requiring that the contractual obligation created by paragraph (a) should also be entered as a court order is plainly not to extinguish the contractual obligation as fast as it has been created, but to provide an

1. A majority of the panel in *Commonwealth ex rel. Tokach v. Tokach,* 326 Pa.Super.Ct. 359, 362, 474 A.2d 41, 42 (1984) distinguished *Millstein* in holding "that once a settlement agreement is incorporated into a divorce decree, either by reference or set out in full, the settlement agreement merges into the decree and should no longer be given independent effect." Clearly this specific holding that incorporation in a divorce decree results in automatic merger cannot be interpreted to apply whenever the support agreement is incorporated in any type of court order, for then the *Tokach* exception would swallow the *Millstein* rule. Here, as in *Millstein*, the support agreement was entered as a court order in accordance with the requirements of the agreement, but review of the record here supports Judge Lowe's specific finding that no evidence of record indicates that the agreement was incorporated into the parties' divorce decree later entered in Philadelphia County. Since incorporation into a divorce decree was the specific feature used in the *Tokach* opinion to distinguish that case from *Millstein*, it follows from the *Tokach* opinion itself that this case, like *Millstein*, is distinguishable from *Tokach*.

alternative enforcement method so long as the court-ordered support remains at the same level as the separately created contract obligation. The intent of the parties, as objectively manifested in the terms of the agreement, requires that the denial of Eileen's counterclaim for $200.00 per week support be reversed.

Order granting plaintiff a resulting trust in 50% of the proceeds of marital residence affirmed; order denying defendant's counterclaim for $200 per week support reversed, and case remanded for computation of arrearages.

Jurisdiction relinquished.