522 A.2d 638

**Nancy McGOUGH, Appellee,**

v.

**Henry A. McGOUGH, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 30, 1986.

Filed March 19, 1987.

Daniel C. Barrish, Norristown, for appellant.

Before CAVANAUGH, McEWEN and BECK, JJ.

CAVANAUGH, Judge:

This is an appeal from an order of court requiring appellant, Henry A. McGough, to pay the sum of $163.00 per week for the support of his three minor children, plus $5.00 per week toward arrearages.

The parties were divorced on December 14, 1984. Prior to the divorce, they entered into a written property settlement agreement which provided that appellant was to make child support payments of $140.00 per week, plus an annual lump sum payment of $400.00 for each of the three children. The divorce decree provided that the property settlement agreement was incorporated into the decree. It further provided that the settlement agreement "shall not merge with but shall survive" the divorce decree and order.

Subsequently, appellant filed a petition to modify the order of support with the Domestic Relations Office of Montgomery County, claiming that changed circumstances warranted a decrease in the amount of weekly support appellant was required to pay. Thereafter, appellee filed a petition seeking to increase support payments, citing increased costs of caring for the children. A Master in Support found that the property settlement agreement did not merge, but survived the decree and order in divorce and left standing appellant's support obligation as previously described. Both appellant and appellee filed exceptions to the determination of the master.

At a hearing before the Honorable Albert R. Subers, the Master's determination was upheld and this appeal followed.

At issue in this case is what appellant contends is a conflict within the divorce decree itself. This decree states, in pertinent part:

AND IT IS FURTHER ORDERED, ADJUDGED AND DECREED, pursuant to Pa.R.C.P. 1920.1, et seq. § Act 26–1980, 23 P.S. § 1, et seq., "The Divorce Code", that the terms, provisions and conditions of a certain property settlement agreement between the parties dated November 13, 1984, and attached to this Decree and Order as Exhibit "A" is hereby incorporated into this Decree and Order by reference as fully as though the same were set forth at length. Said agreement shall not merge with but shall survive this Decree and Order.

■ Appellant argues that since the divorce decree expressly incorporates a pre-divorce property settlement agreement, the agreement merges into the decree and is completely modifiable, as are all orders of support, upon a showing of materially changed circumstances. *Commonwealth v. Vogelsong*, 311 Pa.Super. 507, 457 A.2d 1297 (1983), *Dunbar v. Dunbar*, 291 Pa.Super. 224, 435 A.2d 879 (1981). It is appellee's position that the portion of the decree declaring that the property settlement agreement did not merge with, but survived the decree, is controlling. Consequently, the property settlement agreement is not open to modification by the courts,[1] and may be enforced against either party under well-established principles of contract law.

■ Appellant urges that our recent holding in *Tokach v. Tokach*, 326 Pa.Super. 359, 474 A.2d 41 (1984) mandates that we resolve this apparent ambiguity in his favor. That

---

**1.** We note in passing that regardless of the understanding of either party as to modifiability, a court is not precluded by the terms of a property settlement agreement from increasing the amount of child support provided for in the agreement. *Millstein v. Millstein*, 311 Pa.Supcr. 495, 457 A.2d 1291 (1983).

case involved a situation similar to the case at bar. A pre-divorce property settlement plan, which included a provision for support payments, was expressly incorporated into the divorce decree. Later, the husband sought a downward modification of the support obligation, claiming that his income had decreased while his former wife's income had risen. We held that the agreement had merged with the divorce decree and should no longer be given independent effect as a binding contract between the parties. It was also pointed out that although a number of jurisdictions distinguish between incorporation and merger, no Pennsylvania court had recognized such a distinction in the context of the petition to modify child support.

The presence of a non-merger provision in the divorce decree, however, is an important characteristic distinguishing the facts in the case at bar from those in *Tokach*. It therefore seems clear that our holding in *Tokach* is inapplicable to the present situation.

In determining if the settlement agreement merged with the divorce decree, we must establish whether or not a merger was intended by the parties. This determination is made by analyzing the terms of the agreement itself. *Madnick v. Madnick*, 339 Pa.Super. 130, 488 A.2d 344 (1985), *Millstein v. Millstein*, 311 Pa.Super. 495, 457 A.2d 1291 (1983).

The terms of the property settlement agreement demonstrate a clear intent on the part of both parties to enter into a binding contract. The document contains the statement "Husband and Wife now desire to settle and determine for all time their mutual property rights". Immediately prior to the covenants providing for marital property division and support obligations, there is a statement of the parties' intent to be legally bound. As was the case in our recent holding in *Trumpp v. Trumpp*, 351 Pa.Super. 205, 505 A.2d 601 (1985), the agreement was a detailed contract covering all aspects of the economic relationships of the parties and the amount of support provided was not unfair or inadequate. Both spouses were represented by counsel and the agreement reached cannot be termed one-sided.

From the foregoing it is evident that both appellant and appellee fully intended to enter into an enforceable contract in accordance with the terms of the property settlement agreement of November 13, 1984. Nothing suggests that this agreement was entered into with an understanding that it would later merge into a divorce decree and thereby be rendered modifiable by the courts. To the contrary, the agreement suggests that appellee relinquished valuable property rights and potential claims for counsel fees and costs in exchange for and in reliance upon certain promises made by her husband—including his promise to pay a fixed amount of child support per month.

We note further that the divorce decree, despite the arguable inconsistency, was quite explicit in stating that there would be no merger and that the property settlement agreement would survive as an enforceable contract. Appellant contends that the divorce decree at issue was a "form" which he was required to use by the Montgomery County courts and had no say whatever in the wording employed. This argument, however, has been waived by appellant for failing to raise it in the court below.[2]

Order affirmed.

---

**2.** Because we hold there was no merger and the property settlement agreement survived as an enforceable contract, we need not address appellant's claim that the trial court erred in failing to consider his remarriage as a factor in the petition to modify the order of support.