549 A.2d 588

**Marlene Kaskey DECHTER, Appellant,**

v.

**Stanley KASKEY.**

Superior Court of Pennsylvania.

Argued Nov. 9, 1987.

Filed Oct. 21, 1988.

Harold Einhorn, Philadelphia, for appellant.

Llynne Z. Gold–Bikin, Norristown, for appellee.

Before CIRILLO, President Judge, and CAVANAUGH, ROWLEY, WIEAND, McEWEN, OLSZEWSKI, BECK, TAMILIA and POPOVICH, JJ.

TAMILIA, Judge:

This is an appeal from the Order of the Montgomery County Domestic Relations Court, reducing the amount of support for minor children, fixed by a separation/property settlement agreement and a support Order at $235 per week, to $150 per week, plus $25 per week on account of arrearages. The Court en banc considered this case at the same time and in conjunction with *Sonder v. Sonder* (E5009/87) as the issues are the same (in part) and involve opposite interpretations by two judges of the Montgomery County Court of a court-approved Decree and Order Form.

The issue presented in this appeal is whether the court had jurisdiction and authority to modify a support agreement which was incorporated but not merged in a subsequent decree of divorce. Briefly, the facts in this case are as follows.

The parties were married on April 13, 1969 and, from this union, three children were born. As a result of marital discord, the parties separated in 1983 and, on September 5, 1985, they entered into a 24–page counselled property settlement/separation agreement which provided for support for the children in the amount of $200 per week, retroactive to November 1, 1984 (until each is emancipated), and $235 per week as of January 1, 1985. Paragraph 25 of the agreement provided the agreement would not be modified or annulled by the parties thereto except in the same manner and with the same formalities of the agreement. Shortly thereafter, a divorce decree and Order were entered on September 16, 1985, which provided:

[T]erms, provisions and conditions of a certain property agreement between the parties, dated September 5, 1985, (attached as exhibit "A") is hereby incorporated into this Decree and Order by reference as fully as though the same were set forth herein at length. Said agreement shall not merge with but shall survive this Decree and Order.

Subsequently, appellee fell in arrears on the payment of support and, after issuance of six bench warrants for failure to pay, on February 26, 1986, he filed a petition to modify "Order of July 1, 1985." [1] The petition was heard

1. This case originated with a temporary support Order entered by Judge Tressler on July 22, 1982, with numerous modification Orders, attachment proceedings and court appearances relating to support from that time to the present. Due to the chaotic state of the record as transmitted by the lower court, we cannot verify from the record an Order dated July 1, 1985, but must accept the existence of such an Order from the court's use of that date and the fact this was the date used by appellee in his petition to modify. At a hearing on November 21, 1984, the parties agreed on the record to enter an Order in the amount of $235 per week for support of the children as of January 1, 1985. This appears to be the Order on which the parties and the court are acting upon.

before a Master in Support and was dismissed. On July 10, 1986, a hearing on exceptions to the master's finding and decision were heard before the Honorable Gerald Corso. Following a hearing during which extensive testimony was taken, an Order was entered on July 14, 1986, granting appellee's petition and reducing the child support Order of July 1, 1985 from $235 to $150 per week.

The Order of July 1, 1985, which was identical in amount and provisions as contained in the agreement of September 5, 1985, appears never to have been vacated and continues in effect. The agreement of September 5, 1985 makes no mention of that Order and makes no provisions for its suspension or supersedance by the agreement. The agreement was entered into after several negotiations relating to payment (or nonpayment) of the support Order. In Judge Corso's Opinion, he referred to both the separation agreement and the support Order of July 1, 1985 and purported to reduce both, at least by implication.

Dealing with each separately, we affirm the reduction of the support Order of July 1, 1985 and vacate the reduction of the amount of support under the support agreement. The original permanent Order of support was entered on June 28, 1983, and there was considerable activity on that Order to bring about enforcement until the time of the agreement.

■ The record and evidence sustain the court's finding that due to a change of circumstance, including liquidation of appellee's prior business and reduced income in his present business (Slip Op. p. 2), he is unable to pay the amount of support ordered on July 1, 1985. We find no abuse of discretion in the trial judge's action and, therefore, he must be affirmed. *Shindel v. Leedom,* 350 Pa.Super. 274, 504 A.2d 353 (1986); *D'Arciprete v. D'Arciprete,* 323 Pa.Super. 430, 470 A.2d 995 (1984) (lower court's determination not to be disturbed absent clear abuse of discretion).

■ As to the modification of the agreement which the court lumped together with the support Order, the court's

determination that the agreement was merged into the decree and, therefore, is modifiable, is in error. Since we have dealt exhaustively with this issue in *Sonder v. Sonder*, 378 Pa.Super. 474, 549 A.2d 155 (1988) (Opinion by Tamilia, J.), which concerns the "Decree and Order, Form 2" of the Montgomery County Court, our determination that the agreement does not merge, pursuant to that form of decree, is controlling here. It is interesting to note that Judge Salus of the Montgomery Court, in *Sonder*, found he had no jurisdiction to entertain a petition for modification because the agreement was not merged, whereas Judge Corso, in the same court interpreting the same decree and Order form, found it did merge and a petition for modification could be entertained.

Having decided the support Order could be modified but the agreement could not, we will consider briefly the effect of our holding.

Pursuant to *Sonder*, we held both agreements and support Orders under certain circumstances could be given independent effect. Obviously, double recovery cannot be allowed on both the agreement and the support Order. To the extent the agreement is not completely satisfied by giving credit for the amount paid pursuant to the support Order, a debt is accumulated which may be recovered in an action of assumpsit or in equity. However, as we stated in *Sonder*, the enforcement remedies are not those pursuant to the support laws, therefore, attachment of the person and wage attachment are not permissible. In this respect, by retaining the validity of the agreement, we do not offend *Millstein v. Millstein*, 311 Pa.Super. 495, 457 A.2d 1291 (1983) (an agreement for child support may not be reduced by the court, although an Order to increase support is permissible when circumstances warrant) and *Brown v. Hall*, 495 Pa.Super. 635, 435 A.2d 859 (1981) (unless an agreement is merged into the divorce decree, it may not be modified by the court). By holding the agreement specifically rules out merger, we distinguish it from *Tokach v. Tokach*, 326 Pa.Super. 359, 474 A.2d 41 (1984) and rule in

accordance with *McGough v. McGough,* 361 Pa.Super. 391, 522 A.2d 638 (1987), *Trumpp v. Trumpp,* 351 Pa.Super. 205, 505 A.2d 601 (1985) and *Madnick v. Madnick,* 339 Pa.Super. 130, 488 A.2d 344 (1985). Appellee is incorrect in alleging incorporation of an agreement requires enforcement as a support Order but does not permit modification. To do so would permit attachment of the person for a debt arising out of contract, which is impermissible. *See Commonwealth ex rel. Magaziner v. Magaziner,* 434 Pa. 1, 253 A.2d 263 (1969); *Silvestri v. Slatowski,* 423 Pa. 498, 224 A.2d 212 (1966); *Colburn v. Colburn,* 279 Pa. 249, 123 A. 775 (1924); *Pierce's Appeal,* 103 Pa. 27 (1883).[2]

The portion of the trial court's Order modifying the support Order of July 1, 1985 is affirmed; that portion of the Order, modifying the agreement of September 5, 1985, is vacated.

Jurisdiction relinquished.

CAVANAUGH, ROWLEY and WIEAND, JJ., concur in the result.

BECK, J., concurs and dissents.

BECK, Judge, concurring and dissenting:

This is an appeal from an order of the Montgomery County Court of Common Pleas reducing husband appellee's child support obligation from $235 per week to $150 per week plus $25 per week in payment toward arrearages.

Although the record as transmitted to this court is in a state of disarray, the facts pertinent to the issue on appeal

---

**2.** We take note that while it has no effect on this agreement, the amendment to the Divorce Code, Act. No. 1988–13, effective February 12, 1988, 23 P.S. 401.1, Effect of agreement between the parties, provides: *"(b) A provision of an agreement regarding child support, visitation or custody shall be subject to modification by the court upon a showing of changed circumstances."* This is a badly needed improvement as it states in statutory language that as to children, the needs of the children and the circumstances of the parents are irrevocably intertwined and they must be dealt with according to the realities of changing conditions and not according to nonmodifiable arrangements made at the time the agreement was entered.

can be ascertained and stated as follows. The parties were married in 1969 and separated in 1982. It would appear that wife first filed a complaint seeking child support in July 1982 and thereafter attempted to conduct discovery concerning husband's financial condition. The record contains a report of a domestic relations officer dated February 22, 1983 indicating that husband did not appear at a hearing before that officer and that the facts were as yet so undeveloped that the officer could not make a recommendation as to support. However, on May 3, 1983 the Montgomery County Court of Common Pleas, on recommendation of a master, entered a temporary child support order directing payment of $225 per week, "plus payment of mortgage on family dwelling" and $25 per week toward arrearages. The order states that it is to be retroactively effective to July 22, 1982.

On June 28, 1983, a new order providing for $250 per week in spousal support and $220 per week in child support was entered. Husband was also ordered to pay dental and medical expenses and to pay $30 per week toward arrearages.

Wife thereafter continued to attempt to conduct discovery concerning husband's financial situation. Numerous contempt proceedings initiated by wife followed, with several bench warrants being issued for husband's arrest for noncompliance with his support obligation.

On April 23, 1984, husband filed a petition to modify the June 28th order and a hearing on his petition was scheduled. Prior to the hearing, however, Judge Brown of the Montgomery County Court entered an order dated July 10, 1984 directing husband to pay $150 per week in child support and indicating that a full hearing on the matter was to be scheduled.

The hearing on husband's petition to modify was conducted on November 21, 1984. No evidence was taken. In lieu thereof, counsel for both parties informed presiding Judge Brown that the parties had come to a verbal agreement as to all issues, including their divorce, custody of their chil-

dren, equitable distribution of their property and child support. Counsel stated this agreement on the record at length. We are concerned only with the child support aspect of this agreement. As to this, the parties agreed that husband would pay $200 per week retroactive to November 1, 1984, would pay all arrearages then due under Judge Brown's July 10, 1984 order, and that effective January 1, 1985, husband would pay $235 per week. Counsel stated that the parties agreed that this obligation would be entered as a court order and that the parties would execute, as promptly as possible, a written agreement including these terms. At the end of the hearing, Judge Brown solicited from both husband and wife a statement that they understood and consented to the terms of this "agreement".

We find nothing in this record to indicate that any order reflecting the parties' oral agreement was ever entered. The agreement was merely stated on the record at the November 21, 1984 hearing.

Following this hearing, and presumably while the parties' counsel undertook to draft and secure execution of the parties' agreement in written form, wife continued in her efforts to secure husband's compliance with his support obligations. Once again, at least one bench warrant had to be issued in order to secure compliance. Finally, on September 5, 1985, the parties' final separation agreement was fully executed and effective. It contained the following language:

> In the event either Husband or Wife at any time hereafter obtain a divorce in the cause presently pending or hereafter pending between them, this Agreement and all of its provisions shall be incorporated, but not merged, into any such judgment for divorce, either directly or by reference. The court on entry of the judgment for divorce shall retain the right to enforce the provisions and the terms of this Agreement. This Agreement shall not be modified or annulled by the parties hereto except by

written instrument, executed in the same manner and with the same formalities of this Agreement.

On September 16, 1985, the parties were divorced. The divorce decree provided that the parties' Agreement was incorporated *but not merged* into the decree.

Husband thereafter continued to fail to pay the required amounts of child support and wife continued to attempt to enforce husband's obligation. Numerous bench warrants were issued.

On February 25, 1986, husband filed a petition to modify an order of support allegedly dated July 1, 1985, alleging a change of circumstances. As indicated above, no such order exists. In fact, at the July 10, 1986 hearing on husband's petition to modify, counsel for husband, although stating that she "thought" such an order had been entered, admitted that she had no copy thereof. The court also did not have a copy and the record before us contains no such order.

Thus, at the time of husband's petition to modify, his child support obligation was reflected in three places—first, in the parties' oral agreement set forth in the transcript of the November 21, 1984 hearing before Judge Brown; second, in the parties' written agreement dated September 5, 1985; and third, in the parties' divorce decree into which the parties' agreement was incorporated but not merged. There was no child support order entered by any court after a full hearing on the merits. The hearing that in fact was held was only that conducted on November 21, 1984, concerning the parties' agreement. Notably, husband has never challenged the validity or enforceability of that agreement.

The trial court granted husband's petition to modify, apparently on the basis of two mistaken assumptions, one factual and one legal. First, the court assumed that it was acting on a support order entered on July 1, 1985 after a full hearing. The order on appeal specifically directs that "the previous support order, dated the 1st day of July, 1985, ... is hereby modified...." Thus, the trial court errone-

ously acted upon a non-existent order. Second, the trial court supported its action based upon an erroneous interpretation of the law relating to the modification of support obligations arising from private agreements incorporated but not merged into orders or decrees of court. The trial court held that it had the power to modify husband's obligation under our decision in *Tokach v. Tokach,* 326 Pa.Super. 359, 474 A.2d 41 (1984), where we held that an agreement that is incorporated into a divorce decree is deemed merged therein and the obligations expressed in the agreement become fully modifiable. This resolution ignores the clear intent of the parties to this dispute and is contrary to the principles enunciated in *Brown v. Hall,* 495 Pa. 635, 435 A.2d 859 (1981), *Millstein v. Millstein,* 311 Pa.Super. 495, 457 A.2d 1291 (1983), and *McGough v. McGough,* 361 Pa.Super. 391, 522 A.2d 638 (1987).

As I have opined at length in this case's companion, *Sonder v. Sonder,* the intent of the parties' is the central issue in determining whether a child support obligation expressed in the parties' child support agreement will survive the entry of a divorce decree that incorporates that agreement. Here, as in *McGough, supra,* the parties' intent is clear. Their agreement states that it shall be incorporated *but not merged* into the judgment in their divorce action. The divorce decree, from which no appeal is taken, states that the agreement, although incorporated, is *not* merged. In other words, the obligations the agreement imposes survive the entry of the decree and cannot be modified downward by the court.

Therefore, I would reverse the order of the trial court reducing husband's child support obligation and deny husband's petition to modify.[1]

---

1. I note that although the majority addresses the manner in which husband's support obligation can be enforced, and concludes that remedies like attachment of the person are unavailable, in fact no issue regarding enforcement of husband's obligation is before us. This appeal raises only the question of modification and our discussion should be limited to that issue.