550 A.2d 1338

**Marlene KNORR, Appellee,**

v.

**Michael KNORR, Appellant.**

Superior Court of Pennsylvania.

Submitted May 31, 1988.

Filed Nov. 23, 1988.

12

James E. Miscavage, Pittsburgh, for appellant.

Philip Fabiano, Pittsburgh, for appellee.

Before WIEAND, WATKINS and CERCONE, JJ.

WIEAND, Judge:

The sole issue in this appeal is whether a court may reduce the amount of a prior order for the support of two children because of changed circumstances where the amount of the initial order was based upon an agreement between the children's mother and father. We hold that a court can modify its own order. Therefore, we reverse and remand to permit the trial court to receive evidence and determine whether appellant's changed financial circumstances warrant a reduction in the amount of the order.

Marlene and Michael Knorr were married on April 26, 1978. They had two children: Crystal, born January 25, 1979; and Melissa, born August 6, 1980. Subsequently, Marlene and Michael were separated. On June 2, 1986, they entered into a marital settlement agreement which provided, inter alia, that Marlene was to have primary custody of the children. The agreement also provided as follows:

5. SUPPORT. Husband shall pay Wife the sum of Two Hundred ($200.00) Dollars per month support until such

time as Husband is employed. When Husband becomes employed, he shall pay support according to the then current support guidelines of the Court of Common Pleas of Allegheny County, Pennsylvania.

9. PRESENTATION TO COURT. This Agreement shall be presented to a Court of competent jurisdiction in any action between the parties sounding in divorce with the request it be adjudicated to be fair, just and proper, and that it be incorporated by said Court as a part of the Order of said Court in the final decree (but not merged with the final decree) entered in said proceeding.

When a decree in divorce was entered on August 11, 1986, the decree contained language providing that "[t]he Agreement of the parties is attached hereto and made a part hereof."

On February 11, 1987, Marlene filed a complaint for support in the Court of Common Pleas of Allegheny County, Family Division. As a result, on March 11, 1987, a court order was entered by consent of the parties which provided, in pertinent part, as follows:

AND NOW, March 11, 1987, it is hereby ordered that the Payor pay to the Family Division, Court of Common Pleas TWO HUNDRED Dollars ($200.00) a month payable as follows: One half thereof on the 26th day of MARCH and the other half thereof on the 11th day of APRIL and like and equal amounts on the 11th and 26th days of each and every month thereafter for the support of [two children].

The order also provided specifically that it was enforceable by the court's contempt power and that a failure to comply with the order could result in arrest and garnishment of wages. The court also directed Michael to apply for work and to report regularly to the Bureau of Employment Security.

In December, 1987, Marlene filed a petition to increase the order. She alleged that Michael "had obtained employment with Trumbell Trucking Company at a substantial raise in pay." Shortly thereafter, Michael filed a petition to reduce the order. He alleged that he had been laid off from

work in November, 1987, and was not eligible for unemployment compensation. A single hearing date was set for both petitions. That date was February 10, 1988.

Prior to the hearing date, Marlene moved to vacate the order which had set a hearing date on Michael's petition to reduce the order. She argued that the support order was not subject to reduction because the parties' marital settlement agreement had set the amount of child support at two hundred ($200) dollars per week. The trial court agreed and summarily denied Michael's petition to reduce the order of support. Michael appealed.

In *Sonder v. Sonder*, 378 Pa.Super. 474, 549 A.2d 155 (1988), the Superior Court, sitting en banc, considered "whether a property settlement agreement providing for the payment of support and incorporated into a divorce decree merged with the decree thereby becoming modifiable by the courts upon a showing of a material change in circumstances." There, the parties had entered into a marital property settlement agreement providing that husband would pay to wife $800 per week for support of the parties' two minor children. Subsequently, a decree in divorce had been entered which provided that the private agreement was to be incorporated into the decree without merging into it. Wife then brought an equity action on the contract to enforce the agreement. Husband was later found in contempt of the equity court's order specifically enforcing the contract. The court ordered that he be imprisoned. Meanwhile, husband had filed a petition in the divorce action to reduce the amount of support on the grounds that his financial circumstances had changed.

The majority of the court in *Sonder* announced:

We, therefore, hold that any agreement which speaks of incorporation but rejects merger was intended by the parties not to be brought under the provisions of sections 401, 501(e) and (f) and 503 for the enforcement of separation agreements. Only by an Order which does not reject merger, or requires court enforcement of the agreement, does it become part of the decree and have the effect of

an Order. By renouncing merger and failing to have language in the decree requiring enforcement as a court Order, the contract survives. In doing so, the parties reject the benefit of the provisions developed under the Divorce Code and the divorce procedures enunciated in the Civil Procedural Rules for contempt, attachment and payment of alimony on divorce. They do, however, avoid the law relating to recision [sic] of arrears or modification based on need, whether there be a need for an increase in the support Order or a modification downward as the circumstances would require.

. . . .

Therefore, should the parties desire to have the agreement inflexible and binding only as a contract, merger is not the proper procedure. However, such contracts and agreements, in addition to actions in assumpsit, are still enforceable in equity by specific performance although they do not have the remedies available for enforcement of support Orders.

*Id.*, 378 Pa.Superior Ct. at 494, 549 A.2d at 165. Because the *Sonder* court determined that the contract had survived, it held that the trial court had properly dismissed husband's petition for a reduction on grounds that the court lacked jurisdiction to modify the agreement. The Court also held that the trial court had erred in ordering the husband imprisoned for violating its order in the contract action. To order imprisonment after a contempt finding for failure to pay a private support agreement, it found, would violate the constitutional prohibition against imprisonment for debt. *Id.*, 378 Pa.Superior Ct. at 503–505, 549 A.2d at 170–171, *overruling Hopkinson v. Hopkinson*, 323 Pa.Super. 404, 470 A.2d 981 (1984).

In the companion case of *Dechter v. Kaskey*, 379 Pa.Super. 45, 549 A.2d 588 (1988), the trial court had reduced an order for the support of minor children because of changed circumstances despite the existence of a private agreement establishing the amount of such support. On appeal by the

16

children's mother, the Superior Court, en banc, affirmed.[1]
The Court said:

> Pursuant to *Sonder*, we held both agreements and
> support Orders under certain circumstances could be giv-
> en independent effect. Obviously, double recovery can-
> not be allowed on both the agreement and the support
> Order. To the extent the agreement is not completely
> satisfied by giving credit for the amount paid pursuant to
> the support Order, a debt is accumulated which may be
> recovered in an action of assumpsit or in equity. How-
> ever, as we stated in *Sonder*, the enforcement remedies
> are not those pursuant to the support laws, therefore,
> attachment of the person and wage attachment are not
> permissible. In this respect, by retaining the validity of
> the agreement, we do not offend *Millstein v. Millstein*,
> 311 Pa.Super. 495, 457 A.2d 1291 (1983) (an agreement for
> child support may not be reduced by the court, although
> an Order to increase support is permissible when circum-
> stances warrant) and *Brown v. Hall*, 495 Pa. 635, 435
> A.2d 859 (1981) (unless an agreement is merged into the
> divorce decree, it may not be modified by the court)....
> Appellee is incorrect in alleging incorporation of an agree-
> ment requires enforcement as a support Order but does
> not permit modification. To do so would permit attach-
> ment of the person for a debt arising out of contract,
> which is impermissible. *See, Commonwealth ex rel. Ma-
> gaziner v. Magaziner*, 434 Pa. 1, 253 A.2d 263 (1969);
> *Silvestri v. Slatowski*, 423 Pa. 498, 224 A.2d 212 (1966);
> *Colburn v. Colburn*, 279 Pa. 249, 123 A. 775 (1924);
> *Pierce's Appeal*, 103 Pa. 27 (1883).

*Id.*, 379 Pa.Superior Ct. at 49–50, 549 A.2d at 590.

In the instant case, Michael did not seek to modify the
agreement into which he had entered with his wife. He
sought only to reduce the amount of the support order
which the court, in response to a separate petition by
Marlene, had entered requiring him to pay the sum of two

1. The Superior Court, however, reversed that portion of the trial
court's order which attempted to modify the amount of support set
forth in the parties' private agreement.

hundred ($200) dollars per month for his children. This order specifically had been made enforceable by the court's contempt powers. Such an order may be modified. It may be modified upwards or downwards as the circumstances require. This is essential if the order is to be enforced by attachment of the payor's person. A debtor will not be imprisoned merely for nonpayment of contractual obligations. *Dechter v. Kaskey, supra,* 379 Pa.Superior Ct. at 49–50, 549 A.2d at 590. Neither can an obligor be imprisoned for contempt because of failure to comply with a court order with which he or she is unable to comply. *Sonder v. Sonder, supra.* In order for a support order to be enforced by the contempt powers of the court, therefore, the court must necessarily have the power to modify its order as circumstances require. See: *Sonder v. Sonder, supra* (Concurring and Dissenting Opinion by Wieand, J.).

The notion that the parties' agreement would establish a nonmodifiable floor for an order of child support first appeared in *Millstein v. Millstein,* 311 Pa.Super. 495, 457 A.2d 1291 (1983). It can have validity only if an obligor can be imprisoned to enforce a decree specifically enforcing a private support agreement. *Sonder,* however, overruled *Hopkinson v. Hopkinson, supra,* and held that a private agreement is not enforceable by attachment of the person. Moreover, in *Dechter v. Kaskey, supra,* the notion that a private agreement established a nonmodifiable floor for a support order was specifically rejected. Although a private agreement cannot be modified by the courts, such an agreement is not enforceable by attachment of the person. A court order, which is enforceable by a court's contempt powers, on the other hand, is always modifiable, upwards or downwards, as the circumstances may require.

It follows that in the instant case the appellant was entitled to have his petition to reduce the support order considered on its merits. Therefore, the order summarily dismissing his petition must be reversed. In view of our decision to reverse and remand for further proceedings, the order awarding counsel fees is also vacated. Appellee's

right to counsel fees is better determined as part of the proceedings to modify the order of support. Counsel fees cannot be awarded merely because appellant did not give notice of an intent to seek a reduction prior to the filing of his petition therefor.

Reversed and remanded for further proceedings. Jurisdiction is not retained.