FORD ELLIOTT, Judge:
 

 This is an appeal from an order dismissing appellant’s complaint with prejudice. Appellant alleges that the trial court erred in failing to apply 23 P.S. § 401.1(b) of the Divorce Code retroactively to the parties’ property settlement agreement. As we believe that § 401.1(b) of the Divorce Code should not be applied retroactively in this instance, we affirm the trial court.
 
 [1]
 

 On April 27, 1974, the parties were married and two children were born of the marriage, Sharon Lynn, born September 3, 1976, and Lauren Elizabeth, born October 11, 1979. Following the parties’ separation, on July 10, 1987, they executed a property settlement agreement which imposed an obligation upon appellant to pay $100.00 per week per child. On August 18, 1987, the trial court entered a divorce decree incorporating the terms of the property settlement agreement.
 

 On November 17, 1989, appellant filed a complaint in equity seeking a reduction of his support obligation from $100.00 per week per child to $40.00 per week per child. Appellant supported his claim for reduction based upon a material change in his financial circumstances due to his purchase of a new home. Also, appellant contended that
 
 *112
 
 appellee’s expenses had decreased substantially while her income increased. In response to appellant’s complaint, appellee filed a preliminary objection alleging that the trial court lacked subject matter jurisdiction and requested that appellant’s complaint be dismissed. The trial court sustained appellee’s preliminary objection on March 5, 1990, and dismissed appellant’s complaint with prejudice. This timely appeal followed.
 

 Appellant raises the following issues for our review:
 

 1) Whether an agreement relating to child support and custody is subject to modification upon a showing of changed circumstances?
 

 2) Did the parties intend for the support provisions of their agreement to be modifiable?
 

 Essentially, appellant is arguing for the retroactive application of 23 P.S. § 401.1 to modify the instant child support agreement. Appellant supports his argument for retroactive application by stating that since the agreement provides for court ordered enforcement of its provisions, it is therefore subject to the rules of civil procedure governing support modification as applied by the court.
 

 Although 23 P.S. § 401.1 became effective on February 12, 1988, nearly six months after the parties’ divorce decree incorporating their settlement agreement was entered, appellant is requesting this court to apply the statute retroactively for the first time. The statute provides:
 

 § 401.1 Effect of agreement between parties
 

 (a) A party to an agreement regarding matters within the jurisdiction of the court under this act, whether or not the agreement has been merged or incorporated into the decree, may utilize a remedy or sanction set forth in this act to enforce the agreement to the same extent as though the agreement had been an order of the court except as provided to the contrary in the agreement.
 

 (b) A provision of an agreement regarding child support, visitation or custody shall be subject to modification by the court upon a showing of changed circumstances.
 

 
 *113
 
 (c) In the absence of a specific provision to the contrary appearing in the agreement, a provision regarding the disposition of existing property rights and interests between the parties, alimony, alimony pendente lite, counsel fees or expenses shall not be subject to modification by the court.
 

 23 P.S. § 401.1. Even though we have not applied the statute retroactively previously, we have discussed the validity of support provisions in a separation agreement and whether or not they are amenable to court modification.
 

 In our most recent case on this issue we stated:
 

 [i]t is settled that, if a property settlement agreement containing support provisions survives as an enforceable contract, it is
 
 governed
 
 by the law of contracts.
 
 See D’Huy v. D’Huy,
 
 390 Pa.Super. 509, 518, 568 A.2d 1289, 1293 (1990) (en banc);
 
 Sonder v. Sonder,
 
 378 Pa.Super. 474, 549 A.2d 155 (1988) (en banc);
 
 McGough v. McGough,
 
 361 Pa.Super. 391, 522 A.2d 638 (1987),
 
 allocatur denied,
 
 515 Pa. 623, 531 A.2d 431 (1987);
 
 see also Brown v. Hall,
 
 495 Pa. 635, 435 A.2d 859 (1981). Thus, in such an instance, ‘the enforcement remedies are not those pursuant to the support laws, therefore, attachment of the person and wage attachment are not permissible.’
 
 Dechter v. Kaskey,
 
 379 Pa.Super. 45, 49, 549 A.2d 588, 590 (1988) (en banc) (construing
 
 Sonder v. Sonder, supra
 
 ). If a property settlement agreement is merged into a divorce decree or court order, however, the agreement ‘take[s] on all of the attributes of support Orders for purposes of modification and enforcement’
 
 Sonder v. Sonder, supra,
 
 378 Pa.Super. at 512, 549 A.2d at 175. Such an agreement, therefore, ‘is no longer enforceable as a contract but is subject to the full range of modification and change permitted to court Orders under section 501(e) [of the Divorce Code, 23 Pa.Stat.Ann.]. It is also subject to enforcement provisions provided by section 503, Enforcement of arrearages.’
 
 Id.,
 
 378 Pa.Superior Ct. at 491-92, 549 A.2d at 164 (footnote omitted).
 

 
 *114
 
 The question whether a settlement agreement should survive the divorce decree or be considered merged into the decree and subject to modification as a court order depends upon the intention of the parties.
 
 See Lipschutz v. Lipschutz,
 
 391 Pa.Super. 537, 541-43, 571 A.2d 1046, 1049 (1990);
 
 D’Huy v. D’Huy, supra; see also Bell v. Bell,
 
 390 Pa.Super. 526, 568 A.2d 1297 (1990) (en banc) (plurality opinion);
 
 Sonder v. Sonder, supra.
 
 And, of course, the intention of the parties generally is determined by examining the terms of the agreement itself.
 
 See, e.g., Lipschutz v. Lipschutz, supra; McGough v. McGough, supra.
 

 Ballestrino v. Ballestrino,
 
 400 Pa.Super. 237, 243, 583 A.2d 474, 476 (1990). Instantly, the parties’ divorce decree explicitly incorporates but does not merge their property settlement agreement into the decree. Also, our review of the agreement reveals a comprehensive and exhaustive settlement of the parties economic rights including the settlement of all matters relating to the past, present and future support of their two children. Specifically, the agreement states:
 

 2. EFFECT OF DIVORCE DECREE. The parties agree that unless otherwise specifically provided herein, this Agreement shall continue in full force and effect after such time as a final decree in divorce may be entered with respect to the parties.
 

 3. AGREEMENT TO BE INCORPORATED IN DIVORCE DECREE. The parties agree that the terms of this Agreement shall be incorporated but not merged into any divorce decree which may be entered with respect to them. The parties further agree that the Court of Common Pleas which may enter such Divorce Decree shall retain continuing jurisdiction over the parties and the subject matter of the Agreement for the purpose of enforcement of any of the provisions thereof.
 

 
 *115
 
 Property Settlement Agreement, 7/10/87 at 3. In regard to the support of the parties’ two children, the agreement provides:
 

 14. SUPPORT
 

 (a) Husband recognizes that he has a legal obligation of support imposed or incurred, because of the marital or family relationship. In discharge of this obligation, Husband agrees to pay to Wife for the use, benefit, support and maintenance of the children, the sum of Two Hundred Dollars ($200.00) per week, to be allocated One Hundred Dollars ($100.00) per child each week. Said payment shall continue until such child reaches the age of emancipation.
 

 15. EMANCIPATION OF CHILDREN. For purposes of this Agreement “emancipation” shall be defined as having occurred upon the earliest to happen of any of the following:
 

 (a) The child is graduating from high school, reaching age nineteen (19) years or completion of undergraduate college within five (5) years of the date of graduation from high school, whichever occurs last;
 

 (b) The child’s marriage;
 

 (c) The child’s having a permanent residence away from the permanent residence of Wife, provided, however, that a child’s residence at boarding school, camp, or college is not to be deemed a residence away from the permanent residence of Wife, unless the child’s permanent residence when not attending boarding school, camp, or college is not with Wife;
 

 (d) Entry into the armed forces of the United States.
 

 16. SCHOOL AND COLLEGE EXPENSES OF CHILDREN. Husband agrees to be solely responsible for the reasonable cost of schooling and undergraduate college education, then feasible under the circumstances, for the children including but not limited to the following: tuition, room, board, books, supplies, fees, reasonable transportation. Husband’s liability for schooling shall be the difference between the aforemen
 
 *116
 
 tioned and any monies received by way of scholarships and/or loans. The choice of school shall be mutually agreed upon by the parties and the children.
 

 17. HEALTH INSURANCE — CHILDREN. Husband shall provide Blue Cross, Blue Shield, Major Medical or equivalent medical/health coverage for the benefit of the children for so long as he is obligated to contribute to their support pursuant to the provisions of this Agreement. Husband agrees to be solely responsible for any non-covered or extraordinary medical and/or dental expenses for the children.
 

 Id.
 
 at 9-11. Finally, the agreement provides for enforcement of the support obligation and for modification of its terms.
 

 26. ENFORCEMENT OF SUPPORT PROVISIONS. The parties hereby agree that all of the support provisions contained in this Agreement (including both direct and indirect contributions to support) may be enforceable by an action in support in accordance with Pennsylvania Rule of Civil Procedure 1910.1 et seq.
 

 27. WAIVER OF MODIFICATION TO BE IN WRITING. No modification or waiver of any of the terms hereof shall be valid unless in writing and signed by both parties and no waiver of any breach hereof or default hereunder shall be deemed a waiver of any subsequent default of the same or similar nature.
 

 Id.
 
 at 17-18.
 

 Based upon our exhaustive review of the agreement, we believe that the terms of the parties’ agreement clearly establishes that said agreement does not merge into their divorce decree, but remains a valid, binding contract detailing the settlement of their financial affairs, particularly those involving the support of their two children.
 
 See Ballestrino v. Ballestrino, supra.
 
 Having concluded that the parties’ agreement is a viable independent contract, we must now decide if 23 P.S. § 401.1(b), which allows a provision of an agreement regarding child support to be
 
 *117
 
 modified by the court upon a showing of changed circumstances, to be applied retroactively.
 

 A presumption exists in this Commonwealth that “[n]o statute shall construed to be retroactive unless clearly and manifestly so intended by the General Assembly.” 1 Pa.C.S.A. § 1926. In fact, in the absence of clear language to the contrary, statutes must be construed to operate prospectively only.
 
 Gehris v. Department of Transportation,
 
 471 Pa. 210, 369 A.2d 1271 (1977). “A retroactive law has been defined as one which relates back to and gives a previous transaction a legal effect different from that which it had under the law in effect when it transpired.”
 
 Department of Labor and Industry, Bureau of Employment Security v. Pennsylvania Engineering Corporation,
 
 54 Pa.Cmwlth. 376, 380, 421 A.2d 521, 523 (1980). Also, “a law is given retroactive effect when it is used to impose new legal burdens on a past transaction or occurrence.”
 
 Id.
 
 Recently, in
 
 DeMatteis v. DeMatteis,
 
 399 Pa.Super. 421, 434, 582 A.2d 666, 672 (1990), we stated that:
 

 [w]here no vested right or contractual obligation is involved, an act or regulation is not impermissibly construed retroactively when applied to a condition existing on its effective date, even though the condition results from events which occurred prior to that date.
 
 Creighan v. City of Pittsburgh,
 
 389 Pa. 569, 132 A.2d 867 (1957). Amendatory statutes are not to be construed as retroactive unless such a construction is so clear as to preclude all question as to the intention of the legislature, and such rule of statutory construction is particularly applicable when the legislation in question interferes with existing contractual obligations or antecedent rights.
 
 Rupert v. Policemen’s Relief and Pension Fund,
 
 387 Pa. 627, 129 A.2d 487 (1957).
 

 Application of the above principles clearly establishes that if we applied 23 P.S. § 401.1(b) to the instant agreement, we would be doing so retroactively in that new legal burdens would be imposed upon the parties. Not only would the application of § 401.1(b) interfere with existing
 
 *118
 
 contractual obligations and antecedent rights, but it would usurp the purpose and utility of the parties’ agreement. As we have stated previously, the parties entered into their agreement in order to settle fully their economic affairs, including those of child support. The agreement is very specific as to its terms concerning the parties’ past, present, and future economic rights and obligations. Moreover, the contract itself provides for modification of any of its terms upon written agreement by the parties. We find the language in the recent opinion of our supreme court,
 
 Simeone v. Simeone,
 
 525 Pa. 392, 402, 581 A.2d 162, 166 (1990), instructive on whether or not the court should interfere with such agreements, even though it was addressing prenuptial agreements when it stated:
 

 [a] court should not ignore the parties’ expressed intent by proceeding to determine whether a prenuptial agreement was, in the court’s view, reasonable at the time of its inception or the time of divorce. These are exactly the sorts of judicial determinations that such agreements are designed to avoid.
 

 Consequently, as neither party is alleging that the instant post-nuptial agreement does not provide for them adequately or that a full and fair disclosure of assets has been made, we will not interfere with the agreement as it exists.
 
 Nitkiewicz v. Nitkiewicz,
 
 369 Pa.Super. 504, 535 A.2d 664 (1988).
 

 Given that the parties have spoken in regard to their economic rights and obligations through their agreement, which has survived the entry of their divorce decree, and must be given full force and effect as a valid, binding contract, we cannot apply 23 P.S. § 401.1(b) retroactively as it is clearly violative of this Commonwealth’s principle that all statutes must be construed prospectively, absent clear language to the contrary, coupled with the axiom that we must not interfere with existing contractual obligations and antecedent rights so as to invalidate the expressed intent of the parties. 1 Pa.C.S.A. § 1926;
 
 DeMatteis v. DeMatteis, supra.
 
 Accordingly, we will not apply 23 P.S. § 401.1(b)
 
 *119
 
 retroactively in order to permit appellant to modify his child support obligation. Appellant’s avenue for redress is to seek modification within the terms of the parties’ agreement.
 

 We do not find our holding today to be inconsistent with our recent holding in
 
 DeMatteis v. DeMatteis, supra.
 
 In
 
 DeMatteis
 
 appellant was seeking to reverse the trial court’s modification of its property settlement agreement by invoking 23 P.S. § 401.1(c), which prohibits the trial court, in the absence of a specific provision to the contrary, from modifying a party’s property rights and interests as well as rights to alimony, alimony pendente lite, counsel fees and expenses, even though the parties had entered into their separation agreement more than a year prior to the effective date of the statute. Upon application of 23 P.S. § 401.-1(c), the
 
 DeMatteis
 
 court held that this section of the statute is not retroactive due to the fact that it does not interfere with the existing contractual obligations or antecedent rights of the parties, but rather preserves and protects the parties’ pre-existing rights and obligations under the contract by prohibiting modification by the trial court.
 
 DeMatteis v. DeMatteis, supra.
 
 We find this case to be consistent with our holding today in that we decline to impose new burdens upon the parties to a separation agreement so as to avoid an interruption of their existing contractual rights and obligations.
 

 Finally, appellant argues that since the agreement allows for enforcement by the trial court, it has merged with the divorce decree thereby authorizing the court to enter orders in regard to the parties rights under the agreement. Upon our examination of the terms of the agreement, we have found it to be an exhaustive disposition of the parties rights and obligations in regard to their financial affairs. Based upon our belief that the terms of the agreement fully express the parties’ intentions of the settlement of their economic affairs, we have determined that the agreement is a viable binding contract between the parties. Although it provides for court enforcement in the event of a breach of
 
 *120
 
 one of its provisions, it does so with the express agreement of the parties. The general enforcement provision of the agreement affords a party an opportunity to be heard in court by filing an action in equity or at law in order to redress his rights under the contract. This is consistent with the principle that parties to a separation agreement may enforce their rights by suing on the contract.
 
 See Ballestrino v. Ballestrino, supra.
 

 However, the instant agreement also provides for an enforcement of its support provisions in accordance with Pa.R.C.P. 1910.1
 
 et seq.
 
 Appellant argues that since this provision authorizes the court to enforce the support obligations it also permits the court to modify the support provisions as well. Although we recognize that prior case law would prohibit the trial court from enforcing the support obligations under the support laws of this Commonwealth, we need not address the validity of this particular provision of the agreement as that issue is not specifically before us for review.
 
 See Ballestrino v. Ballestrino, supra.
 
 However, given the comprehensive nature of the agreement concerning the disposition of their property rights and interests as well as future obligations, we will not emasculate the intent of the parties to be bound contractually by the terms of their agreement, in light of this single enforcement provision. Moreover, the contract itself provides for severability of any term, condition, clause, or provision of the agreement which is determined to be void or invalid in law or otherwise without effecting the validity of the agreement as a whole. If the agreement’s support enforcement provision would be found to be invalid, the remainder of the contract would remain in full force and effect as a binding contract per the terms of the agreement. Accordingly, we will not invalidate the express intent of the parties to be bound contractually by an independent agreement even though the support enforcement provision may be invalid; therefore, we will not characterize the parties’ agreement as being subject to modification by the trial court.
 

 
 *121
 
 Based upon the foregoing, we affirm the trial court’s dismissal of appellant’s complaint in equity.
 
 [2]
 

 Order affirmed.
 

 [1]
 

 . We recognize that the Divorce Code, 23 P.S. § 101-801, was repealed by Act of December 19, 1990, and reenacted as Part IV of the Domestic Relations Code, 1990 December 19, P.L. 1240, No. 206, § 2. See 23 Pa.C.S.A. § 3101-3707 (Purdon Supp.1991). As the arguments before this court were premised on the former statute, we believe that our holding is unaffected by the statute’s repeal and reenactment. 1 Pa.C.S.A. § 1962 (Purdon Supp.1991).
 

 The issue of applying 23 P.S. § 401.1(b) of the Divorce Code retroactively has also recently been addressed by another panel of this Court in
 
 Brangs v. Brangs,
 
 407 Pa.Super. 43, 595 A.2d 115 (1991). Today’s decision and that in
 
 Brangs
 
 both reject the idea of applying § 401.1(b) retroactively to modify child support agreements entered into prior to the enactment of the present Code.
 

 [2]
 

 . The trial court dismissed appellant’s complaint on the basis that it lacked subject matter jurisdiction over the separation agreement. In light of
 
 DeMatteis v, DeMatteis, supra,
 
 and 23 P.S. § 301 of the Divorce Code, we find that the trial court had jurisdiction to hear the instant matter. However, given our holding today, the trial court was correct in refusing to modify the terms of appellant’s support obligation and on that basis we affirm.
 
 See McKenna v. Mooney,
 
 388 Pa.Super. 298, 565 A.2d 495 (1989) (we may affirm the trial court on a basis other than that used by the trial court as long as the result is correct).