**Rullo v. Rullo**

*Andrew Gleason,* for plaintiff.
*Daniel W. Rullo,* for defendant.

CASCIO, *J.,* April 1, 1993 — This case is before the court on a demand for court hearing, filed by defendant, challenging our order of October 1, 1992, which increased the existing order of support for two children from $200 per month to $380 per month effective January 1992.

Plaintiff had filed a petition to increase the order setting the support at $200 per month and that petition was dismissed by order of this court entered January 8, 1992. Plaintiff then appealed the dismissal order and on May 8, 1992, we issued an order remanding the case to the Domestic Relations Department for further hearing. The order currently challenged by defendant arose following consideration of the case by the Domestic Relations Division on remand.

Defendant essentially raises four issues for our review. First, he alleges that the court failed to take into consideration the fact that he has the children in his primary physical custody during the summer months by virtue of a marriage settlement agreement entered into by the parties and reduced to court order. We find this argument to be without merit as there has been no showing that even with defendant's partial custody rights during the winter months, this situation is so unusual as to require consideration in determining the support obligation. See *Stein v. Stein,* no. 289 Domestic 1989, 344 Domestic 1989, slip op., (C.P., Somerset County, June 20, 1990) (Fike II, *P.J.*)

Next, defendant challenges the retroactivity provision of the order in which we determined that the order should be effective as of January 1992 as opposed to May 8, 1992, when the case was remanded to the department. Again, we find no merit in this contention. Plaintiff's appeal, which was filed in January 1992, gave rise to the increase in the order complained of by defendant. Thus, it appears that retroactivity to the date of the filing of the demand by plaintiff is appropriate.

Third, defendant claims that we should consider the fact that he is now paying the sum of $48.75 each month to provide medical insurance coverage on the children. It is true that, in determining monthly net income, one of the deductions allowable under the rules is that sum of money which is necessary to pay health insurance premiums for the benefit of the children. See Pennsylvania Rule of Civil Procedure 1910.16-5(b)(4). However, even with this reduction considered, the effect on the guideline calculation is negligible. Accordingly, we will not disturb the amount awarded on this basis.

Finally, defendant challenges the portion of the order of October 1, 1992, requiring the parties to be equally responsible for any major medical expenses incurred by the children which are not reimbursable by insurance. Defendant alleges that the court has no authority to make such an award because the court lacks the authority to modify the provisions of the marriage settlement agreement.

As provided in 23 Pa.C.S. §4324, "the court may require that an obligor pay a designated percentage of a child's ... reasonable and necessary health care expenses." Under the statutory scheme, this payment is considered part of the obligor's support obligation. In addition, 23 Pa.C.S. §3105(b) provides that any "provision of an agreement regarding child support ... shall be subject to modification by the court upon a showing of changed circumstances." Thus, it would appear that the court has authority under the above-quoted statutory sections to make such an award despite the provisions of the marriage settlement agreement.

However, the provisions of section 3105 have been determined to apply prospectively, and not retroactively, to property settlement agreements entered into between the parties. *Flick v. Flick,* 408 Pa. Super. 110, 596 A.2d 216 (1991). Because the marriage settlement agreement was approved by the court in January 1987 and section 3105 was not added until December 19, 1990, effective 90 days thereafter, it appears clear that we do not have that authority. This does not, however, end our inquiry with respect to this issue.

According to the testimony presented at the hearing before us, the marriage settlement agreement is silent on the issue of payment of unreimbursed medical expenses. Thus, any action by this court in ordering the parties to share the burden of unreimbursed medical expenses does not affect or impact any of the provisions of the existing marriage settlement agreement. This is so because that issue was not addressed in the agreement and is, therefore, in our opinion, open to consideration by the court under section 4324. Accordingly, we find this argument to be without merit as well.

Therefore, we deny the relief requested by defendant and ratify the order of October 1, 1992, effective January 1992.

## ORDER

And now, April 1, 1993, consistent with the foregoing memorandum, defendant's demand for court hearing is hereby dismissed and the order of October 1, 1992, effective January 1992 is hereby ratified.