J-A13011-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JACQUELINE PROMISLO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JONATHAN I. STEINHOUSE | : | |
| | : | |
| Appellant | : | No. 3271 EDA 2019 |

Appeal from the Order Dated November 8, 2019
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. D15078464

BEFORE:   BENDER, P.J.E., LAZARUS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED AUGUST 05, 2020**

Jonathan I. Steinhouse (Husband) appeals from the trial court's November 8, 2019 order requiring him to pay to Jacqueline Promislo (Wife) an amount of child support and alimony as a result of this Court's order directing a remand in a prior appeal.  After review, we affirm.

This Court's prior memorandum opinion provides the factual and procedural background of this matter:

> The parties married in June 1999[,] and two children were born of the marriage: a son, currently age nineteen, and a minor daughter, presently age seventeen.  Wife filed a divorce complaint on July 15, 2015, and the parties were divorced on October 17, 2016.  On July 28, 2016, the parties entered into the [Property Settlement] Agreement, which provided, *inter alia*, as follows:
>
> 8  CHILD SUPPORT AND ALIMONY

---

[*] Retired Senior Judge assigned to the Superior Court.

8.1 Effective August 1, 2016, [Husband] will pay support to [Wife at] the rate of $4,500 per month, allocated $2,000 child support, and $2,500 to alimony *pendente lite* ("APL")/alimony through March 31, 2017. In April, 2017, the parties will recalculate child support and alimony using the support guidelines formula applied to their incomes/earning capacities at the time. In the event [Wife] has no income at that time, the calculation will be done using an earning capacity for her of $50,000. Effective April 1, 2017[,] and continuing until [Husband's] child support and alimony obligations have been recalculated **by agreement or court order**, [Husband] will pay support to [Wife] at the rate of $3,792 a month, allocated $1,854 for child support, and $1,938 to alimony, on an interim basis ("the interim period"). The recalculated support and alimony obligations shall be retroactive to April 1, 2017, and [Husband's] payments going forward will be adjusted to account for any shortfall or overpayment during the interim period.

Agreement, 7/28/16, at ¶ 8.1 (emphasis added). The Agreement also provided, "No modification or waiver of any of the terms of this Agreement shall be valid unless in writing and **signed by both parties**." *Id.* at ¶ 10.1 (emphasis added). Wife avers that the parties negotiated a Second Addendum to the Agreement but never signed it. Wife's Brief at 10; N.T., 8/9/17, at 7, 20. She offered an addendum, unsigned, and identified it as "M-2." N.T., 8/9/17, at 7-8, 11.

On May 30, 2018, Wife filed a "Petition for Enforcement and Contempt of the July 28, 2016 Property Settlement Agreement." The trial court conducted a hearing on August 9, 2018, following which it entered the appealed order, which provides:

AND NOW, THIS 9TH DAY OF AUGUST, 2018, UPON CONSIDERATION OF THE MATTER BEFORE THIS COURT, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

THE COURT DOES NOT FIND WILLFUL [*sic*] AND THEREFORE THE COURT DOES NOT FIND FORMER HUSBAND, JONATHAN I. STEINHOUSE IN CONTEMPT.

- 2 -

> THE REQUEST BY COUNSEL FOR FORMER WIFE, JACQUELINE PROMISLO[,] THAT THE COURT ORDER FORMER HUSBAND TO PAY SUMS TO FORMER WIFE AT THIS TIME IS DENIED.

Order, 8/9/18 (*verbatim*).

***Promislo v. Steinhouse***, No. 2755 EDA 2018, unpublished memorandum at 1-3 (Pa. Super. filed August 14, 2019) (***Promislo I***).

Wife appealed from the August 9, 2018 order and after review, this Court in ***Promislo I*** affirmed the trial court's refusal to hold Husband in contempt. However, it reversed the trial court's refusal to enforce the parties' Agreement and remanded the matter, directing the trial court "to enforce paragraph 8.1 for the amounts Husband was contractually obligated to pay Wife and adjust for any amounts Husband already has paid." ***Id.*** at 8-9.

Following this Court's issuance of its opinion in ***Promislo I*** on August 14, 2019, Husband filed a petition on September 17, 2019, requesting that his support payments be lowered for the period between September of 2017 and May of 2018. Notably, for the period beginning April 2017, Husband made monthly payments in varying amounts, but all lower than the $3,792 required by the Agreement. Husband's September 17, 2019 petition was assigned to another common pleas court judge.[1] The trial judge, whose decision was the subject of the ***Promislo I*** appeal, scheduled a hearing on the remand order from this Court for November 8, 2019. Husband was informed that his newly

---

[1] The hearing relating to Husband's September 2019 petition has been stayed pending the conclusion of the present appeal to this Court.

filed September 17, 2019 petition would not be considered at the hearing. Rather, the November 8th hearing was solely scheduled for the purpose of complying with this Court's remand order. After the November 8, 2019 hearing was held, the trial court issued the following order:

> And now, this 8th day of November, 2019, it is hereby ORDERED that [Husband] pay [Wife] $21,032.16, plus $387.44 for costs incurred, totaling $21,419.60. It is further ORDERED that this amount be paid in full within fourteen (14) day[s] of the date of this Order.

Trial Court Order, 11/8/19. The amounts stated in the trial court's order reflected the application of paragraph 8.1 of the parties' Agreement and taking into consideration the sums paid by Husband during the period beginning in April 2017.

Husband filed his appeal from this order and now raises the following two issues for our review:

A. Whether the [t]rial [c]ourt erred and/or abused its discretion when it failed to enforce Paragraph 8.1 of the parties' July 28, 2016 Property Settlement Agreement requiring the recalculation of [Husband's] support obligation effective April 1, 2017[?]

B. Whether the [t]rial [c]ourt erred and/or abused its discretion when it entered the November 8, 2019 Order on [Wife's] Petition for Special Relief for Entry of Order while [Husband's] Petition to Enforce Property Settlement Agreement on the very same issue was still pending before the Court of Common Pleas[?]

Husband's brief at 6.

In his first issue, Husband asserts that the trial court failed to enforce paragraph 8.1 of the parties' Agreement in that it did not recalculate his support obligation. With reliance on *Lipschutz v. Lipschutz*, 571 A.2d 1046

- 4 -

(Pa. Super. 1990), Husband explains that "[a] property settlement agreement containing support provisions is enforceable by utilizing the same rules of law used in determining the validity of contracts…." Husband's brief at 18. He further lists the requirements, indicating that

> it is a detailed agreement covering all aspects of the economic relationship of the parties; it is not one-sided; both spouses are adequately counseled; the amount of support is not inadequate; and the agreement does not merge into a divorce decree or court order.

*Lipschutz*, 571 A.2d at 1049. Husband then acknowledges that these terms exist and, thus, the Agreement is valid, a fact that neither party attacks. Husband further claims that the Agreement is binding and not modifiable, citing *McGough v. McGough*, 522 A.2d 638 (Pa. Super. 1987).

Essentially, Husband is claiming that the trial court should have recalculated his support obligation and should not have merely applied the amounts stated in paragraph 8.1, which were designated as the amounts he should pay during "the interim period." *See* Paragraph 8.1 of the Agreement. In its opinion, the trial court noted that "no signed writing [was] offered as evidence in this case" that would have supported a modification of the sums directed by the Agreement. Trial Court Opinion, 12/18/19, at 3. The court also explained that because Husband had not filed his petition asking for a recalculation of his support obligation until September 17, 2019, two years after he could have made this request, and because Husband's petition was assigned to another judge, the appropriate action was to only conduct a hearing as per the remand order from this Court. That is exactly what

- 5 -

occurred. Therefore, we conclude that the trial court did not commit any errors regarding this Court's order remanding the matter. Thus, Husband's first issue does not provide him with any relief.

Husband's second issue centers on his objection to the trial court's decision to only comply with this Court's remand order rather than to combine the remand directive with his request to modify the monthly amounts he was to pay for support. His argument is addressed to what he deems is not "a fair and just determination of the parties' settlement rights." Husband's brief at 23. Instead, Husband asserts that the trial court should have considered both the remand order and his petition to modify the amount he was required to pay. It is evident that Husband's petition to modify the support amount was only filed after this Court's *Promislo I* decision was rendered. Therefore, the trial court's decision to limit the hearing solely to the remand directive was not an error. Moreover, Husband's petition to modify will be heard in due time. He has not convinced us otherwise and, thus, is not entitled to relief.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 8/5/2020*

- 6 -